HANOVER, The (JONES v.). See Case No. 7,466.

HANOVER, The (SAUNDERS v.). See Case No. 12,374.

---

## Case No. 6,035.

HANOVER NAT., BANK v. SMITH et al.

[13 Blatchf. 224.] [1]

Circuit Court, S. D. New York. Jan. 6, 1876.

REMOVAL OF SUIT—WAIVER OF RIGHT.

1. An action at law at issue in a state court was called for trial therein, and might, in the

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

ordinary course, have been tried. The defendant applied for a postponement. This was refused by the court, except upon terms of the defendant's consenting to a reference. This he refused to do, but afterwards, and before the trial was actually commenced, he consented to a reference of the same for trial, to a person named. The order was made accordingly, and the immediate trial, which otherwise must have taken place, was thus avoided. The defendant then took proceedings to remove the cause into this court, under section 639, subd. 3, of the Revised Statutes of the United States, on the ground of prejudice or local influence. On a motion by the plaintiff to remand the cause to the state court: *Held*, that the defendant had waived his right to claim a removal of the cause under the section above named.

2. A party to a suit may, in that particular suit, waive his right to remove the suit to the federal court; and he may make such waiver after the suit is brought, not only by a stipulation or agreement, but by conduct which is equivalent to a waiver.

[Cited in McLean v. St. Paul & C. Ry. Co., Case No. 8,893.]

[Cited in Wadleigh v. Standard Life & Acc. Ins. Co., 76 Wis. 442, 45 N. W. 109.]

[This was an action at law by the Hanover National Bank against Benjamin E. Smith, impleaded with Clark R. Griggs. Heard on motion to remand cause to state court.]

Tracy, Olmstead & Tracy, for plaintiffs.

Lewis Sanders, for defendant.

JOHNSON, Circuit Judge. In this case, the removal into this court was claimed under section 639, subdivision 3, of the Revised Statutes, and was obtained accordingly. A motion is now made to remand the cause, as improperly removed. Before a trial had actually taken place, the defendant took the steps pointed out by the statute, to effect the removal, upon an affidavit by the defendant, stating that he had reason to believe, and did believe, that, from prejudice or local influence, he would not be able to obtain justice in the state court. The plaintiff was a citizen of New York, and the defendant Smith of Ohio; while the other defendant, who had neither been served with process, nor appeared, was a citizen of Delaware. They were sued upon several liabilities—Griggs as first endorser, and Smith as second endorser, of a promissory note.

The plaintiff urges, that the removal cannot be sustained, because the petitioner had, by consenting to a reference of the cause for trial by a particular person named, selected his own tribunal, and had, by thus consenting, prevented an immediate trial of the cause. This, the plaintiff insists, should preclude the petitioner from claiming a removal of the cause, under the subdivision of the section of the statute referred to. Two questions are thus presented—First, whether the right of removal in a particular case can be waived; and second, whether such a waiver should, in this case, be imputed to the defendant.

Upon the first of these questions we are

not without an intimation of the opinion of the supreme court. in Insurance Co. v. Morse, 20 Wall. [87 U. S.] 445. In that case, under a law of Wisconsin, a New York insurance company. as a condition of permission to transact its business of insurance in Wisconsin, had made and filed in the office of the secretary of state of that state, an appointment of an agent or attorney within that state, upon whom process might be there served, and had also filed a written engagement that suits commenced in the state court should not be removed into the courts of the United States, by the act of the corporation. It was held by the court that neither the law of Wisconsin, nor the agreement of the parties, could give validity to a general engagement, made in advance of any controversy, that the party would not avail himself of a resort to the jurisdiction of the courts of the United States. Mr. Justice Hunt says, in giving the opinion: "He cannot bind himself in advance, by an agreement which may be specifically enforced, to forfeit his rights, at all times, and on all occasions, whenever the case may be presented." This statement of the ground of the decision is preceded by other remarks, disclosing the line of distinction between this general and not lawful renunciation, and other particular acts of renunciation which the law will sustain. He says: "In a civil case, the party may submit his particular suit, by his own consent. to an arbitration, or to the decision of a single judge. So, he may omit to exercise his right to remove his suit to a federal tribunal, as often as he thinks fit, in each recurring case. In these aspects, any citizen may, no doubt, waive the rights to which he may be entitled." The instances given show, that, in the waiver of the right to resort to the courts of the United States, in a particular case, only the private right of the individual is concerned. Its waiver touches no question of public policy. Its effectiveness stands upon the maxim, that any man may renounce a legal right which is conferred for his own advantage. The right in question may. therefore. be waived by any sufficient agreement of the party. as well by direct consent, as by that implied by the non-exercise of the right in the manner prescribed by law. A stipulation after suit commenced in the state court would, I think, be. on the principles mentioned, a complete bar to the exercise of the right of removal; and, on the same ground, any conduct of the party which is equivalent to such a waiver ought to be enforced as such by the court.

In respect to the second question stated, an examination of the facts presented is necessary. The case was called for trial, and might, in the ordinary course, have been tried, when the defendant applied for a postponement. This was refused by the court, except upon terms of the defendant's consenting to a reference. This he, in the first instance, refused to do, but afterwards, and before the trial was actually commenced, he consented to the reference of the cause for trial, to a person named. The order was made accordingly, and the immediate trial, which otherwise must have taken place, was thus avoided. Under these circumstances, the defendant ought to be considered as estopped from making an application to remove the cause. The case is not, in my judgment, within the meaning of the statute. Its language is general, but the right it gives is the right of the party concerned, and he may waive it. It is to be construed as if the right to waive its benefit were expressed in the statute. The defendant was in time to apply for a removal when his case was called for trial, but his consenting to a reference, under the circumstances shown, ought, in justice, and does, I think, in law. preclude him from a subsequent application to remove the cause. To hold otherwise, would recognize a consent to a reference as an allowable resort to gain the postponement of a cause, and the consequent extension of the time limited for its removal into the circuit court. The motion to remand the cause to the supreme court of the state of New York must be granted.