ROCK ISLAND NAT. BANK *v.* J. S. KEATOR LUMBER Co. *et al.*

(*Circuit Court N. D. Illinois, S. D.*  October 31, 1892.)

REMOVAL OF CAUSES—TIME OF APPLICATION.

Under Act. Cong. Aug. 13, 1888, § 3, (25 St. at Large, p. 433,) which provides that a defendant may remove a cause at the time or before he is required by the state law or rule of court to plead or answer, a petition for removal filed after the statutory period for answering has expired comes too late, even though filed within the time allowed for answering by order of court, where such order is based on a stipulation entered into after expiration of the statutory period.

In Equity.  On motion to remand.  Motion granted.

*Sweeney & Walker*, for complainant.

*W. H. Moore*, for the J. S. Keator Lumber Company.

*Miller & Starr*, for Thompson & Root.

BLODGETT, District Judge.  This cause was originally commenced in the circuit court of Rock Island county, in this state, and removed to this court on the petition of the defendants Thompson & Root.  A motion is now made to remand the same upon two grounds: *First*, that the petition for removal was not filed in apt time; *second*, that no separable controversy is shown in the case which justifies the removal of the case in behalf of the defendants Thompson & Root.  The record shows that the defendants Thompson & Root were brought into the court as nonresidents by publication of notice under the laws of the state of Illinois in regard to chancery practice; that, by the published notice, these defendants were required to appear in the case on the first day of the then next September term of said court, which was on the 5th day of September, 1892; that said notice was published in time to require the defendants to make answer at the time mentioned; that no appearance was entered by said defendants, or answer or plea filed, at the time required by the notice, and under the statute, but that, on the 13th day of September, a stipulation in writing was made and filed in the cause between the complainant and these defendants, by which these defendants were given 10 days' further time in which to plead in the cause; and the court, in pursuance of such stipulation, entered an order extending the time for the defendants to plead 10 days from the date of such stipulation; and that, on the 22d day of September, the said defendants filed their petition and bond for the removal of the cause to this court.

Section 3 of the act of August 13, 1888, determining the jurisdiction of the circuit courts of the United States, and regulating the removal of cases from the state courts, (25 St. at Large, p. 433,) provides that a defendant desiring to remove a cause from a state court to the federal court may do so "at the time or any time before the defendant is required by the laws of the state, or the rule of the state court in which such suit is brought, to answer or plead to the declaration or complaint of the plaintiff."  Section 16, c. 22, Rev. St. Ill., governing the practice in courts

of chancery, provides that "every defendant who shall be summoned, served with a copy of the bill or petition, or notified as required in this act, shall be held to except, demur, plead, or answer on the return day of the summons;  *   *   *   or in case of service by copy of the bill, or by notice, at the expiration of the time required to be given, or within such further time as may be granted by the court; or, in default thereof, the bill may be taken as confessed." It is, therefore, clear from the statutes of Illinois that these defendants were required to plead; and by the federal statutes in regard to the removal of cases they were required to file their application for removal on the 5th day of September. But it is insisted that, inasmuch as the time for these defendants to plead was extended by an order of court, and application for removal was made before the expiration of that extension, therefore the application for removal was made in apt time. I do not concur in this view. The statute requiring the application for removal to be made at or before the time the defendant is required to plead has been held to be imperative. *Austin* v. *Gagan*, 39 Fed. Rep. 626; *Velie* v. *Indemnity Co.*, 40 Fed. Rep. 545; *Rogers* v. *Van Nortwick*, 45 Fed. Rep. 513. These defendants, then, were in default, and had lost their right of removal on the 13th day of September, when the rule extending the time to plead was entered in pursuance of the stipulation of the complainant; and I cannot see how this stipulation, or the order of court made in pursuance thereof, can be construed to restore to the defendants the right of removal which they had lost. The complainant may have been entirely willing that these defendants should have the right to put in any defense which they might have in the state court, but a mere agreement to that effect is not and cannot, in justice, be held to waive or restore to the defendants the right of removal which they had lost. For these reasons the motion to remand is sustained, without considering or passing upon the question whether or not the case presents a separable cause of action which would entitle these defendants to remove the case.