HULBERT v. RUSSO et al.

(Circuit Court, S. D. New York.    October 13, 1894.

REMOVAL OF CAUSES—PARTY UNDER STAY IN STATE COURT.

The New York Code of Civil Procedure provides (section 779) that all proceedings of a party in default for nonpayment of costs of a motion shall be stayed until payment of such costs. *Held*, that such provision does not prevent the removal of the case to the federal court by a party in default of nonpayment of motion costs, who complies with the provisions of the federal statutes, and who has not secured in the state court a benefit which he should not be allowed to repudiate.

This is a suit by Edwin J. Hulbert against Mario Russo and Giovanni Zanardo, instituted in the state court, and was removed to this court by defendants. Heard on motion to remand.

John L. Wilkie, for plaintiff.

C. J. Simpson and Edmund C. Brown, for defendant Russo.

J. E. M. Bowen, for defendant Zanardo.

LACOMBE, Circuit Judge. To give to section 779 of the New York Code the effect contended for would be practically to amend the federal statute by adding to the paragraph authorizing nonresident defendants to remove cases into the federal circuit court the clause: "Provided, that at the time when removal papers are filed said defendants are not in default by reason of nonpayment of any motion costs imposed by the state court." It is hardly to be believed that the state legislature intended this, and, if it did, it is entirely clear that its enactment was inoperative to curtail the right of removal secured by the federal statute. The doctrine of waiver does not apply to such a case as this. Defendant has complied with the provisions of the federal statute. He has applied at the proper time, in the prescribed manner, and upon sufficient papers. He has done nothing in the state court whereby he has secured some benefit which should estop him from repudiating his former action, as did the defendant in Bank v. Smith, 13 Blatchf. 224, Fed. Cas. No. 6,035. His failure to comply with the order of the state court may leave him, after removal under a stay in this court, as he would be if still in the state court, but it cannot deprive him of the right secured to him by the federal statute, so long as its provisions are complied with. The technical objections to the papers are unsound. Motion to remand denied.