BRYSON v. RAILROAD.

(Filed May 25, 1906).

*Removal of Causes to Federal Courts—Petition—Filing—*
*Order as to Pleadings.*

1.  Where, at the appearance term, the court made an order, to which
    there was no exception, giving plaintiff 90 days to file com-
    plaint and defendant 90 days thereafter to answer, and after
    the complaint was filed, demanding $25,000 damages, at the
    next term the defendant again appeared by counsel and asked
    for time to answer and was granted 60 days, it was not then
    entitled to remove the cause to the Federal courts.

ACTION by E. L. Bryson against the Southern Railway Co.,
pending in the Superior Court of JACKSON County, and
heard by *Judge Walter H. Neal* upon defendant's motion to
remove the cause to the Circuit Court of the United States.

The petition to remove was filed on the 4th day of De-
cember, 1905, before *Judge Neal,* then presiding in the courts
of the Sixteenth Judicial District. His Honor denied the
motion and defendant appealed.

*Coleman C. Cowan* for the plaintiff.
*Moore & Rollins* for the defendant.

BROWN, J. The summons was duly returned to Jackson
Superior Court, convening on May 22, 1905. At that term
the court made an order giving plaintiff ninety days to file
complaint and the defendant ninety days thereafter to
answer. There was no exception taken to this order. On
September 27, 1905, the plaintiff filed his complaint de-
manding $25,000 damages. It is contended that until the
filing of a complaint defendant had no notice that a sum
over $2,000 would be demanded, thus bringing the case
within the jurisdiction of the Circuit Court of the United

BRYSON v. RAILROAD.

States, and therefore could not file his petition until the fact was made known upon which such jurisdiction depends. There might be force in the contention, but that it appears that the defendant did not except to the order granting such time and therefore is taken to have consented to it. It further appears that after the complaint was filed, at the October Term, 1905, the defendant again appeared by counsel and again acknowledged the jurisdiction of the court, and asked for time to answer and was granted sixty days. Of course, the defendant could not be required to answer until after complaint was filed, but when it agreed to the extension of the time for pleading, the defendant submitted voluntarily to the jurisdiction of the State court. If the defendant desired to preserve the right of removal, its counsel should have excepted at the time to the order extending the time within which the pleadings should be filed. *Wilcox v. Ins. Co.*, 60 Fed. Rep., 929; *Schipper v. Cordage Co.*, 72 Fed. Rep., 803. It seems to be well settled "that a petition for removal filed after the statutory period has expired comes too late, even though filed within the time allowed for answering by the order of the court, where such order is based on the stipulation of the parties. *Bank v. Keator*, 52 Fed. Rep., 897.

Had the defendant duly excepted to the order extending the time to plead, he should then have filed his petition to remove not later than the October Term, 1905, of the Superior Court, according to the latest decision of the Supreme Court of the United States upon the subject. *Remington v. Railroad*, 198 U. S., 95. It may be as contended by defendant that such case is authority for the contention that the petition may be filed before the judge at chambers in the district. It has been held otherwise in this State, and as we hold against the defendant on the other point, it is unnecessary to decide this. It is possible, however, that the de-

cision would not apply to our system of practice, which is different from New York, where the case originated.

The questions presented on this appeal have heretofore been considered by this court and are fully discussed by the present *Chief Justice* in *Howard v. Railway,* 122 N. C., 945, and decided adversely to the contentions of the defendant.

Judgment Affirmed.