### TEVIS v. PALATINE INS. CO., Limited, OF LONDON, ENG.

(Circuit Court, N. D. California. November 22, 1906.)

No. 14,025.

1. REMOVAL OF CAUSES—PETITION—FILING—TIME.

A rule of a state court, from which a cause was removed, provided that no agreement or consent of counsel in respect to the proceedings in a cause, the purport of which is disputed or denied, will be regarded, unless the same shall have been made or assented to in open court and entered in the minutes, or unless the evidence thereof shall be in writing, subscribed to by the party against whom the same may be alleged or by his attorney. Plaintiff's counsel stipulated in writing that defendant might have until October 10, 1906, within which to plead to the complaint or file or make such motion as it might be advised. Held, that plaintiff could not object that such stipulation did not extend defendant's time to plead for the purpose of filing a petition to remove the cause to the federal courts on or before the time so fixed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 42, Removal of Causes, §§ 135–140; vol. 44, Stipulations, §§ 2, 43.]

2. ATTORNEY AND CLIENT—AUTHORITY OF ATTORNEY.

Code Civ. Proc. Cal. § 283, subd. 1, provides that an attorney shall have authority to bind his client in any of the steps of an action or proceeding by his agreement filed with the clerk or entered on the minutes of the court, and not otherwise. Held that, where an attorney assumed to bind his client by a valid written stipulation extending defendant's time to plead, he could not thereafter, under such section, disavow his own authority to extend the time in which defendant could file a petition for removal.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, §§ 155–161; vol. 44, Stipulations, § 3.]

John E. Bennett, for plaintiff.

Van Ness & Denman, for defendant.

WOLVERTON, District Judge. Complaint was filed in the above cause in the superior court of the state of California, in and for the city and county of San Francisco, on September 20, 1906, and summons served upon the same day. September 28, 1906, the attorney for plaintiff made and delivered to defendant's attorneys a stipulation, as follows:

"It is hereby stipulated and agreed that the defendant herein may have to and including the 10th day of October, 1906, within which to plead to the complaint on file herein or make such motion as it may be advised. This stipulation need not be filed.

"Dated September 28th, 1906.

"John E. Bennett, Attorney for Plaintiff."

On October 10th, following, the defendant petitioned the superior court and obtained an order for removal of the cause into this court. The transcript has been filed here, and the plaintiff now moves the court to remand the cause. The question for determination is whether parties may, by stipulation, enlarge the time in which to plead to the complaint, and by so doing also enlarge the time within which a petition may be interposed for a removal of the cause from the state court into this court.

The Revised Statutes of the United States require the petition to be filed "at the time or any time before the defendant is required by the law of the state or the rule of the state court in which the suit is brought, to answer or plead to the declaration or complaint of the plaintiff."

There is subsisting, in the superior court from which the cause was removed, a rule designated rule 21, in language as follows:

"No agreement or consent between the parties or their attorneys, in respect to the proceedings in a cause, the purport of which is disputed or denied, will be regarded by the court, unless the same shall have been made or assented to in open court and entered in the minutes, or unless the evidence thereof shall be in writing, subscribed to by the party against whom the same may be alleged, or by his attorney."

It is conceded by counsel for both parties that, under this rule, the stipulation had the force and effect to enlarge the time within which the defendant was required to plead until the expiration of the time fixed thereby.

The federal adjudications are divided upon the pivotal question here; that is, whether the parties may by stipulation thus enlarge the time for removal. The matter is one dependent upon local statutes and rules of court. It was held in this circuit (Austin v. Gagan [C. C.] 39 Fed. 626, 5 L. R. A. 476), soon after the amendment of 1888, Circuit Judge Sawyer presiding, that:

"The statute means at any time before the defendant is required to answer by the laws of the state, when the time is specially regulated by the statutes, and by the general rules of practice governing the matter adopted by the courts, when the matter is thus regulated, instead of by specific statutes of the state—not within the time provided by special orders extending the time. or application by or stipulations of the parties"—citing Dixon v. Telegraph Co., 38 Fed. 377, an earlier case also decided by the same distinguished jurist.

149 F.—36

The principle has been reasserted also by Judges Sabin and Knowles, sitting in the same circuit. Delbanco v. Singletary (D. Nev.) 40 Fed. 177; McDonald v. Hope Mining Company (D. Mont.) 48 Fed. 593; Martin v. Carter (D. Mont.) 48 Fed. 596. But it is clear that the facts attending neither of those cases presented the identical question. There are decisions elsewhere, however, announcing the like doctrine. See Velie v. Indemnity Company (C. C. D. Wis.) 40 Fed. 545; Spangler v. Atchison, etc., Co. et al. (C. C. W. D. Mo.) 42 Fed. 305; Rock Island National Bank v. J. S. Keator Lumber Company et al. (C. C. N. D. Ill.) 52 Fed. 897; Ruby Canyon Gold Mining Company v. Hunter et al. (C. C. W. D. S. D.) 60 Fed. 305; Fox v. Southern Railway Co. et al. (C. C. W. D. N. C.) 80 Fed. 945.

Upon the other hand, Hawley, District Judge, sitting in the Circuit Court for the District of Nevada, has, in a later case than any decided in this circuit, held to the contrary; that is to say, that:

"Where a stipulation, signed by a party or his attorney or counsel, is of binding force, a cause may be removed from a state to a federal court within the period to which the defendant's time to answer is extended by a written stipulation, though no order of court is entered thereon." Chiatovich v. Hanchett, 78 Fed. 193.

The quotation is from the syllabus, but it correctly states the holding.

A like conclusion was arrived at by Simonton, District Judge, in People's Bank of Greenville v. Ætna Ins. Company (C. C. D. S. C.) 53 Fed. 161, as well as by Ray and Thomas, District Judges, respectively, in the cases of Groton Bridge & Mfg. Co. v. American Bridge Co. (C. C.) 137 Fed. 284 and Russell v. Harriman Land Company (C. C.) 145 Fed. 745. As applicable to the Chiatovich Case, there subsisted a rule of the Supreme Court in substance the same as rule 21 of the superior court of the city and county of San Francisco; and so in the three latter cases there was a similar rule promulgated by the court of original cognizance.

It was said by the Supreme Court of the United States (Powers v. Chesapeake & Ohio Ry., 169 U. S. 92, 98, 18 Sup. Ct. 264, 266, 42 L. Ed. 673), in a case decided in 1897, that:

"The time of filing a petition for removal is not essential to the jurisdiction. The provision on that subject is, in the words of Mr. Justice Bradley, 'but modal and formal,' and a failure to comply with it may be the subject of waiver or estoppel."

See, also, Hughes' Federal Procedure, p. 333.

So it has been held, in the Circuit Court for the Eastern District of New York, that the time may be enlarged by stipulation of the parties. Allmark v. Platte Steamship Company, 76 Fed. 614. See, also, Groton Bridge & Mfg. Co. v. American Bridge Co., supra, and Wilcox & Gibbs Guano Co. v. Phœnix Insurance Co. et al. (C. C. D. S. C.) 60 Fed. 929. "But," says Benedict, J., in Allmark v. Platte S. S. Co. (C. C.) 76 Fed. 614, 615, "if this were otherwise, I am of opinion that, under the circumstances above stated, the plaintiff should not be heard in this court to say that the time to answer had expired." That was a case where the plaintiff's attorney, as here, stipulated "extending the time to answer and to move."

To the same effect is the language of Judge Ray, in Groton Bridge & Mfg. Co. v. American Bridge Co. (C. C.) 137 Fed. 284, 299, namely:

"The written stipulation, extending the time of the defendant to plead to a certain day, estopped the plaintiff from saying in the proceeding to remove the cause that the time in which defendant was required to answer or plead to the complaint had expired before the arrival of the day named in such stipulation."

And of equal emphasis is the ruling of Thomas, District Judge, in Russell v. Harriman Land Co., supra, that such a stipulation estopped the plaintiff from objecting that the petition for removal was filed too late.

I have not cited all the authorities pro and con, but these are sufficient to indicate the line of cleavage in the holdings and the principle on which they divide.

Mr. Hughes, in his work of standard authority on Federal Procedure, p. 335, states what appears to him to be the meaning of the federal removal statute, as follows:

"If the effect of the extension under the state practice is under the general rules of practice of that state, and not under special agreement of counsel to extend the time within which he is first required to plead any sort of plea on pain of a default judgment, whether conditional or absolute, then the effect of the extension would be to extend the right of filing the petition."

But, whatever may be the sounder or the true rule as it relates to this subject, I am firmly of the opinion that neither the plaintiff nor his counsel can now be heard to say that the defendant was not in time with his petition for removal.

My attention has been called to section 129 of the Code of Civil Procedure, which provides that "every court of record may make rules not inconsistent with the laws of the state for its own government and the government of its officers." I see nothing, however, in rule 21 above set forth, inimical to this statute. And again, section 283, subd. 1, Code Civ. Proc., prescribing that "an attorney and counselor shall have authority (1) to bind his client in any of the steps of an action or proceeding by his agreement filed with the clerk, or entered upon the minutes of the court, and not otherwise," is invoked. But the same attorney who assumed to bind his client by the stipulation in question here now seeks, in behalf of the client, to disavow his own authority to extend the time in which to petition for removal. It is plain that he should not be permitted to do so, especially when the opposite party has been misled to his detriment.

The motion to remand will therefore be denied.