## MURPHY, RESPONDENT, *v.* STONE & WEBSTER ENGINEERING CORPORATION, APPELLANT.

(No. 3,009.)

(Submitted November 3, 1911. Decided November 20, 1911.)

[119 Pac. 717.]

*Removal of Causes—Parties—Diverse Citizenship—Waiver—Stipulations—Rule of Interpretation.*

Removal of Causes—Diverse Citizenship of Parties—Waiver.

1. The right to have a cause removed from a state to the federal circuit court on the ground of diverse citizenship of the parties may be waived either by stipulation or by estoppel because of failure to make timely application for it.

Stipulations—Rule of Interpretation—Waiver.

2. The rules governing the interpretation of contracts generally are applicable in arriving at the meaning of stipulations, *i. e.*, they should receive a reasonable construction with a view to effecting the intent of the parties, and to that end the circumstances under which they were entered into, their subject matter and the parties may be considered; but the language used must not be so construed as to give it the effect of a waiver of a right not plainly intended to be relinquished.

Removal of Causes—Stipulation—Waiver—What did not Constitute.

3. In a personal injury action against a foreign corporation joined with a resident defendant, counsel entered into a stipulation about two weeks before the date set for trial, canceling the setting and agreeing that the cause should be tried "in said [district] court" at the earliest possible date thereafter. At the commencement of trial, some four months thereafter, upon the announcement of plaintiff that he was ready, counsel for defendant corporation presented a petition, accompanied by a sufficient bond, for removal of the cause to the federal circuit court on the ground that, the resident defendant not having been served with process, and not appearing in the action, the cause had assumed the aspect of a controversy between citizens of different states. The trial court sustained the contention of plaintiff that defendant by the stipulation had waived its right of removal. *Held,* under the rule declared in paragraph 2, *supra,* and the circumstances disclosed by the record, that the language of the stipulation did not compel the conclusion that counsel for defendant intended to waive its right of removal, which arose long thereafter, and that the court erred in denying the petition.

*Appeal from District Court, Lewis and Clark County; J. Miller Smith, Judge.*

ACTION by Thomas Murphy against the Stone & Webster Engineering Corporation. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed and remanded.

*Mr. E. C. Day,* for Appellant, submitted a brief, and argued the cause orally.

In behalf of Respondent, *Messrs. Walsh & Nolan,* and *Messrs. Purcell & Horsky,* submitted a brief; *Mr. C. B. Nolan* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought by plaintiff to recover damages for personal injuries received by him during the course of his employment by the defendant corporation. When the action was commenced, one Edward Larmour, a fellow-servant of plaintiff, was made codefendant with the corporation; it being alleged in the complaint that he was incompetent and known to be so by his codefendant, and that the injury was caused by his negligence concurring with that of his codefendant. He was not served with summons, nor did he appear in the action. The defendant corporation demurred to the complaint, on the grounds, among others, that several causes of action were improperly united therein, and that there was a misjoinder of parties defendant. The demurrer was overruled, and this defendant answered, denying the material allegations of the plaintiff, and alleging, as special defenses, that the injury was caused by the negligence of a fellow-servant, and that the plaintiff had assumed the risk. The case was reached for trial on October 5, 1910. When counsel for plaintiff announced that they were ready for trial, counsel for defendant presented a petition for removal of the case to the circuit court of the United States for the district of Montana, on the ground that it had assumed the form of a separate controversy between citizens of different states; plaintiff being a citizen of Montana and the defendant a citizen of Massachusetts. The petition was accompanied by a good and sufficient bond. Counsel for plaintiff resisted the application, contending that the defendant had waived its right to have the case removed, by reason of the following stipulation:

" (Title of court, title of cause.)

"It is hereby stipulated and agreed by and between the parties in the above-entitled action, and their respective attorneys, the undersigned, that, at the request of defendant's attorneys, the setting of the trial of said case, set to be tried on June 2, 1910, shall be canceled; and it is further stipulated and agreed that the case shall be set down for trial in said court not earlier than June 12, 1910, and shall be tried in said court on said date, or as soon thereafter as shall be convenient to said court to try the same. Dated May 19, 1910."

The court sustained the contention of plaintiff's counsel and ordered the trial to proceed. The result was a verdict and judgment in favor of plaintiff. The defendant has appealed from the judgment and an order denying its motion for a new trial.

Was the case removable? If so, the district court was without jurisdiction to proceed with the trial, and its judgment must be reversed for this reason, whether it might otherwise be sustained or not. In *Golden* v. *Northern Pacific Ry. Co.,* 39 Mont. 435, 104 Pac. 549, it was held by this court that a case in which the plaintiff and one of two defendants are citizens of different states assumes the aspect of a separate controversy as to such defendant and becomes removable when counsel for plaintiff, having failed to serve summons upon the other defendant and thus bring him within the jurisdiction of the court, announce that they are ready to proceed against the nonresident defendant alone. This was held to be a necessary conclusion from the fact that the election amounts to a complete severance of the action as to the nonresident defendant, as effectively as if it had been originally brought against such defendant alone. In so holding this court accepted as authoritative and binding the construction of the statute (Act March 3, 1875, Chap. 137, 18 Stat. 471 [U. S. Comp. Stats. 1901, p. 510]) declared to be the only reasonable one in *Powers* v. *Chesapeake & Ohio Ry. Co.,* 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673. In this case the court stated its conclusion as follows: "The reasonable construc-

tion of the Act of Congress, and the only one which will prevent the right of removal, to which the statute declares the party to be entitled, from being defeated by circumstances wholly beyond his control, is to hold that the incidental provision as to the time must, when necessary to carry out the purpose of the statute, yield to the principal enactment as to the right; and to consider the statute as, in intention and effect, permitting and requiring the defendant to file a petition for removal as soon as the action assumes the shape of a removable case in the court in which it was brought. The result is that, when the plaintiff discontinued his action as against the individual defendants, the case for the first time became such a one as by the express terms of the statute the defendant railway company was entitled to remove; and therefore its petition for removal, filed immediately upon such discontinuance, was filed in due time.'' The instant case falls clearly within the statute as thus construed. The petition for removal was therefore presented in time, and the defendant was entitled to removal, unless counsel had waived its right by entering into the stipulation; for [1] the right, though a substantive one, being ''modal and formal,'' may be waived either by stipulation or by estoppel because of failure to make timely application for it. (*Ayers* v. *Watson,* 113 U. S. 594, 5 Sup. Ct. 641, 28 L. Ed. 1093; *Northern Pacific Ry. Co.* v. *Austin,* 135 U. S. 315, 10 Sup. Ct. 758, 34 L. Ed. 218; *Martin's Admr.* v. *Baltimore & Ohio Ry. Co.,* 151 U. S. 673, 14 Sup. Ct. 533, 38 L. Ed. 311; *Powers* v. *Chesapeake & Ohio Ry. Co., supra; Golden* v. *Northern Pacific Ry. Co., supra; Hanover Nat. Bank* v. *Smith,* 13 Blatchf. 224, Fed. Cas. No. 6035; *Insurance Co.* v. *Morse,* 20 Wall. (U. S.) 445, 22 L. Ed. 365.)

''The rules applicable to the construction of contracts generally govern the courts in their interpretation of stipulations, and thus stipulations will receive a reasonable construction with a view [2] to effecting the intent of the parties; but, in seeking the intention of the parties, the language used will not be so construed as to give it the effect of an admission of a fact obvi-

ously intended to be controverted, or the waiver of a right not plainly intended to be relinquished. * * * " (36 Cyc. 1291.) In arriving at the intent, the circumstances under which the stipulation was made, its subject matter, and the parties to it may also be considered. (Rev. Codes, sec. 7877.)

At the time the stipulation was entered into, the case was set for [3] trial on June 2, some fourteen days later. In view of the action of the court upon defendant's demurrer, doubtless induced by the position assumed by counsel for the plaintiff, counsel for defendant had a right to presume that he would be compelled to submit to a trial in the state court, though the resident defendant had not then been brought within the jurisdiction of the court by service of summons. Indeed, there was no room for any other presumption, unless it be that counsel knew or had ground for the belief that counsel for plaintiff had brought the resident defendant into the case solely for the purpose of preventing a removal of it to the circuit court, intending then, and all the time up to the time the case was set for trial, not to have him served with summons. There is nothing in the record tending to show what the intention of plaintiff's counsel in this regard was. Counsel for defendant, therefore, must be presumed to have stipulated in view of the circumstances as they then existed, and unless the language of the stipulation compels the conclusion that he intended to waive all rights with reference to the case, except the right to have it tried in the state court, he should be held to have contemplated the existing circumstances only. The purpose to be accomplished by the stipulation was the vacation of the setting for June 2, and a resetting of the case for June 12, or upon the earliest day thereafter that would be convenient to the court. If this is so, the language used in the stipulation, *viz.*, "and shall be tried in said court," upon which counsel for plaintiff rely for their assertion of waiver, could have no greater effect than the previous joinder of issue by the filing of the answer, which fact, as we have already pointed out, did not take away the right of removal. In our opinion the language referred to was intended

to speak as to the existing condition of the case, and was not intended to include a right which might accrue in the future by a change of condition. In any event, it does not compel the conclusion that counsel for defendant intended to waive any right whatsoever. This being so, we think the district court erred in denying the petition for removal. This conclusion precludes us from considering the case upon the merits.

The judgment and order are reversed, and the cause is remanded.

*Reversed and remanded.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.

Rehearing denied December 18, 1911.