## CITIZENS' TRUST & SAVINGS BANK v. HOBBS.

### (District Court, S. D. California, S. D. October 11, 1918.)

### No. 647.

REMOVAL OF CAUSES ☜79(6)—TIME FOR FILING PETITION—EXTENSION OF TIME TO PLEAD.

Under Code Civ. Proc. Cal. § 585, subd. 1, requiring defendant to answer within the time specified in the summons, "or such further time as may have been granted," an extension may be granted by stipulation of counsel, and at any time within such extension defendant may file a petition for removal.

At Law. Action by the Citizens' Trust & Savings Bank against John H. Hobbs. On motion to remand to state court. Denied.

W. E. Lady, Hunsaker & Britt, and Le Roy M. Edwards, all of Los Angeles, Cal., for plaintiff.

J. R. Whittemore and C. O. Whittemore, both of Los Angeles, Cal., for defendant.

TRIPPET, District Judge. This action is before the court on a motion to remand. Summons was served upon the defendant in Los Angeles county, Cal. According to the notice in the summons, the defendant was required to answer within 10 days from the date of service. Within that time the plaintiff and defendant entered into a stipulation in writing, extending the time for the defendant to answer. Within the time specified in the stipulation, the defendant filed a petition to remove the cause to this court. The question presented to the court is whether or not the petition for removal was filed "at the time, or any time before the defendant is required by the laws of the state, or the rule of the state court in which such suit is brought, to answer or plead."

There are three provisions of the Code of Civil Procedure of California that bear upon this question:

Section 407:

"The summons  *  *  *  must contain:  *  *  *

"2. A direction that the defendant appear and answer the complaint within ten days, if the summons is served within the county in which the action is brought; within thirty days, if served elsewhere.

"3. A notice that, unless the defendant so appears and answers, the plaintiff will take judgment for any money or damages demanded in the complaint as arising upon contract, or will apply to the court for any other relief demanded in the complaint."

---

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Section 585:

"Judgment may be had, if the defendant fails to answer the complaint, as follows:

"1. In an action arising upon contract for the recovery of money or damages only, if * * * no answer has been filed with the clerk of the court within the time specified in the summons or such further time as may have been granted, the clerk, upon application of the plaintiff, must enter the default of the defendant. * * *"

Section 283:

"An attorney and counselor shall have authority:

"1. To bind his client in any of the steps of an action or proceeding by his agreement filed with the clerk, or entered upon the minutes of the court, and not otherwise."

These provisions of the Code must be construed together, so as to give effect to each phrase therein. It is perfectly plain that the phrase of paragraph 1 of section 585, to wit, "Such further time as may have been granted," is a provision of law of the state of California, which provides for the time of the defendant to answer. Section 585 does not limit the right to grant extensions of time to answer to orders of the court. The granting of the extension of time, as provided by section 585, may be done by stipulation of the attorneys. A stipulation made by the attorneys extending the time to answer would, of course, be enforced by the courts, and undoubtedly has been on many occasions. These provisions of the Code are the requirements of the law of the state of California, which determine the time for the defendant to answer.

The rules of the court were introduced in evidence at the hearing. Under these rules the defendant had a right to answer or file his petition for removal at the time it was filed. The law of California established the right of the defendant to have filed his answer at the time he filed his petition so clearly "that he may run that readeth it." The opinion in Tevis v. Palatine Ins. Co. (C. C.) 149 Fed. 560, is in point, and there is no reason why that opinion should not be followed.

The motion to remand will be denied.