STACY, C.J., dissenting.
This action was begun in the Superior Court of New Hanover County on 8 December, 1924, against defendant, S. R. Smith, a nonresident, and his codefendants, some of whom are residents of the State of North Carolina. Summons, returnable to said court, was duly served on S. R. Smith by publication, as provided by C.S., 484; said service was completed on or before the return day, to wit, 19 January, 1925. At February Term, 1925, no answer having been filed to the complaint, filed on 8 December, 1924, judgment by default was duly rendered in favor of plaintiff and against said defendant, in accordance with the prayer of the complaint.
Thereafter, defendant appeared, and upon affidavit duly filed in the cause, moved that said judgment rendered by default, be vacated and set aside, and that he be allowed to file answer to the complaint and make defense in said action, according to the course and practice of the court. C.S., 492. This motion was heard on 28 September, 1925; the order made thereon is as follows:
"It is now ordered and adjudged by the court that said judgment entered at February Term, 1925, be and the same is hereby vacated and set aside, and that said defendant, S. R. Smith, be allowed to file his answer to the complaint in said action, and that he be allowed twenty days from this date to file same." *Page 601 
Thereafter, and within twenty days from the date of said order, to wit, on 17 October, 1925, defendant, having caused notice to be served on plaintiff, and having filed petition and bond as required by section 29 of U.S. Jud. Code, U.S. Comp. Stat., sec. 1011, moved before the clerk of the Superior Court of New Hanover County, C.S., vol. III, sec. 913(b), for an order of removal of this action from the Superior Court of New Hanover County to the District Court of the United States for the Eastern District of North Carolina for trial. Upon said motion the clerk made the following order:
"This cause coming on for hearing before W. N. Harris, clerk of the Superior Court of New Hanover County, on 17 October, A.D. 1925, on the petition of defendant, S. R. Smith, to remove this action as to said defendant to the United States District Court for and on the grounds recited in the petition, and being heard, and after hearing full argument of U. L. Spence, Esq., attorney for said defendant, S. R. Smith, in favor of granting said petition, and of A. G. Ricaud, Esq., attorney for plaintiff, against granting same, and it appearing to the court from the record in said cause and from the petition of removal, that said defendant appeared through his attorney, U. L. Spence, before his Honor Frank A. Daniels, judge of the Superior Court, holding the courts of the Eighth Judicial District at Burgaw on Monday, 28 September, 1925, and obtained a judgment vacating and setting aside the judgment by default against the said defendant, S. R. Smith, entered at February Term, 1925, of the Superior Court of New Hanover County, and also asked for an obtained an extension of time to file an answer to the complaint in said cause, all of which fully appears in the judgment rendered therein by Judge Daniels, on said 28 September, and that said defendant consented thereto and entered no exception or objection to the form thereof:
"The court now finds as a legal conclusion and decision that the appearance of said defendant, S. R. Smith, before his Honor, Judge Daniels, at Burgaw, on 28 September, was a general appearance and a voluntary submission to the jurisdiction of the court, and that he thereby waived and abandoned his right of removal to the U.S. District Court, if any such right he had. For the foregoing reasons, the petition of said defendant is denied."
From this order defendant appealed to the judge holding the next term of the Superior Court of New Hanover County. Upon the hearing of the appeal, the order was affirmed. From judgment affirming the order of the clerk, denying motion for removal, defendant appealed to the Supreme Court.
At the expiration of the time prescribed in the order for the publication of summons in this action, the court having found from the affidavit of the printer (C.S., 489(2), that notice of the summons had been duly published as required by C.S., 485, the defendant, S. R. Smith, was then in court, the service of the summons was completed, and the Superior Court of New Hanover County had jurisdiction of defendant. C.S., 487. Before rendering judgment by default, at February Term, 1925, the court adjudged that the summons had been duly served. Hyman v. Jarnigan,65 N.C. 96. The principle that a general appearance in an action or proceeding, pending in a court of competent jurisdiction, waives all defects or irregularities both as to summons and service, is well established, and has been consistently enforced. C.S., 490, and cases cited. It has no application, however, to the facts of this case, and affords no aid in the decision of the question presented by this appeal. The appearance of defendant to move, under C.S., 492, that the judgment rendered in this action against him be vacated and set aside, nothing else appearing, was an admission by him that the court had acquired jurisdiction by the publication of summons as provided by statute. The appearance of a defendant in a suit in a state court, whether general or special, does not operate as a waiver of his right to remove the action to the Federal Court for trial. Goldey v. Morning News, 156 U.S. 518, 39 L.Ed., 517; Stevensv. Richardson, 9 Fed., 191; Grotor Bridge Co. v. American Bridge Co., 137 Fed., 284, 26 Ann. Cas., 1337, and note, 23 R. C. L., 739. Defendant in this action did not contend, at the time he made his motion, nor does he contend now, that there was any defect or irregularity in the summons or in its service upon him. Motor Co. v. Reaves, 184 N.C. 260; Wooten v.Cunningham, 171 N.C. 123; Barnhardt v. Drug Co., 180 N.C. 436. He contends that under the Constitution of the United States, and the statute duly enacted by Congress, pursuant thereto, he has the right, at his election, to have this cause removed from the State to the Federal Court for trial; that he has neither lost nor waived this right.
The District Court of the United States for the Eastern District of North Carolina has jurisdiction of the action stated in the complaint, in favor of plaintiff, a citizen of the State of North Carolina, and against the defendant, a citizen of the State of New York, the amount involved being in excess of the jurisdictional sum of $3,000. Swain v. CooperageCo., 189 N.C. 528; U.S. Jud. Code, sec. 24; U.S. Comp. Stat., sec. 991. The jurisdiction of the Superior Court of this State is concurrent with that of the District Court of the United States; either court may try the action, and render judgment, finally determining the *Page 603 
rights of the parties. The State court has jurisdiction of the defendant and of the subject-matter of the action, but must yield the right to try the action to the Federal Court, at defendant's election, unless defendant has lost or waived his right of removal.
Defendant has the right to have the action, commenced in the State court by plaintiff, removed to the District Court for trial, provided the notice was given and the petition and bond were filed, as required by statute, prior to the expiration of the time within which he was required to file answer by statute of the State, or rule of the court in which the action was pending. U.S. Jud. Code, sec. 29; U.S. Comp. Stat., sec. 1011. The right of removal may be lost by failure of defendant to give notice, and to file petition and bond required, within the time prescribed; or it may be waived by any act of defendant, from which it clearly appears that he has elected, not to avail himself of the right of removal to the Federal Court, but to join issue with the plaintiff for trial in the State court. SouthernPacific Co. v. Stewart, U.S., 62 L.Ed., 345; Murphy v. Stone, etc., Eng. Corp., 44 Mont. 146, 119 P. 717, 26 Ann. Cas., 1134, and note. If defendant in an action pending in a State court, which is removable to the Federal Court for trial, requests such court to grant an extension of time for filing his answer beyond the time prescribed by statute, or fixed by rule of court, and such request is granted, or if defendant accepts such extension of time, made upon motion of plaintiff, or by the court, upon its motion, he thereby waives his right of removal. 23 R. C. L., 514. A defendant who has invoked or who has acquiesced in the exercise by the State court of its discretionary power to grant him relief beyond his strict legal right, without objection and exception, is conclusively presumed to have elected not to avail himself of his legal right to the removal of the action to the Federal Court for trial; he has elected to try the issues in the State court. Patterson v. Lumber Co., 175 N.C. 90;Pruitt v. Power Co., 165 N.C. 416; Ford v. Lumber Co., 155 N.C. 352;Bryson v. R. R., 141 N.C. 594; Howard v. R. R., 122 N.C. 944. The Superior Court of this State has the power, to be exercised by the judge in his discretion, to grant an extension of time, beyond that prescribed by statute, for the filing of an answer. C.S., 536; McNair v. Yarboro,186 N.C. 111; Howard v. Hinson, ante, 366; Greenville v. Munford, ante, 373. It has no power, however, to extend the time within which a petition for removal to the Federal Court shall be filed. 3 R. C. L., 610.
In Austin v. Gagan, 39 Fed., 626, 5 L.R.A., 476, it is said, "The policy of the law is to require parties to take the first opportunity to change the forum, and in default thereof the right is waived." Failure *Page 604 
of defendant to demand change of venue, when the county designated by plaintiff in the summons and complaint is not the proper county, before the time for answering the complaint expires, is a waiver of the right. C.S., 467, and cases cited.
It has been held by this Court that the right of a defendant against whom a judgment has been rendered, in an action to which he has been made a party, by publication of summons, as provided by statute, to have said judgment vacated and set aside under C.S., 492, to the end that he may defend said action, is absolute and not within the discretion of the judge. In Rhodes v. Rhodes, 125 N.C. 191, it is said, "The object of this section is to enable a nonresident, who has not been personally served with summons, to come in, within the prescribed time after judgment, and assert his right as fully in every respect as he could have done before judgment had he been personally served." In Page v. McDonald, 159 N.C. 38, it is said, "The statute requires that a nonresident, upon good cause shown, must
be allowed to defend after judgment, if his application to do so is made within one year after notice of judgment, or within five years after its rendition, preserving the rights of innocent purchasers. The right to be let in for the purpose of defending the action does not depend upon the exercise of the judge's discretion. The terms of the statute are mandatory, and the judge must set aside a judgment and permit a defense if good cause can be shown, and what is sufficient cause must be a question of law." See, also, Moore v. Rankin, 172 N.C. 599; Foster v. Allison Corp., ante, 166. Under the decisions of this Court, defendant, by his motion that the judgment rendered at February Term, 1925, be vacated and set aside, for that summons in this action had been served upon him by publication, and that he had had no actual knowledge of the pendency of the action, prior to its rendition, did not invoke the discretionary powers of the court, nor did he waive any right by his appearance to make said motion. In granting the motion, the court gave to defendant only the relief to which he was entitled as a matter of right. Lumber Co. v. Arnold, 179 N.C. 269. The decision of the question presented by this appeal, then, necessarily involves but one further inquiry, to wit, did the court allow defendant 20 days from the date on which the judgment was vacated and set aside, under C.S., 492, as a matter of right, or as a matter of discretion?
The language of the statute, pertinent to this question, is as follows: "The defendant against whom publication is ordered may in like manner (i.e., by application to the court), upon good cause shown, be allowed to defend after judgment, or at any time within one year after notice thereof, and within five years after its rendition, on such terms *Page 605 
as are just." The words "upon such terms as are just" ought not to be construed as limiting or modifying the right to defend, which this Court, in cases cited above, has held is an absolute, legal right of defendant. They should be construed as conferring upon the court, by whose order defendant obtains his legal right to defend, power, by the imposition of just terms, to put plaintiff and defendant, as near as may be, in the same relative position, with reference to the subject-matter of the litigation, as they were in at the time the action was begun, or at least at the time defendant would have been required to answer the complaint if the summons had been personally served upon him. The court has power to do this by orders with reference to the costs that have accrued, or by interlocutory orders, with respect to property within its jurisdiction, or by such orders, designed to protect plaintiff, who had recovered the judgment, set aside and vacated, upon motion of defendant, upon service of summons on defendant, as provided by the laws of this State, from loss which might result to him from the action of the court. It ought not to be held that the court has power to impose terms upon defendant which would result in depriving him of a right guaranteed to him by law. The right to defend an action necessarily involves the right to answer or demur to the complaint, in accordance with the provisions of the statute or general rule of court, and thus to raise issues of fact to be tried by a jury, or issues of law to be tried by the court. It cannot be said that although this right is absolute, a defendant can enjoy it, only at the discretion of the court. The time within which an answer or demurrer must be filed, in the Superior Courts of this State, is prescribed by statute, and not by rule of court. Such time may be extended by the judge, in his discretion, upon such terms as may be just. C.S., 536.
If it shall be held as law in this State that a citizen of another state, against whom a judgment has been recovered by a citizen of this State in a State court, upon summons served by publication, and who has as a matter of right, upon his application to said court obtained an order setting aside and vacating said judgment, to the end that he may defend the action, under C.S., 492, may file answer or demur to the complaint, only within time to be allowed by the court, in its discretion, then it must follow that, although the action is removable to the District Court of the United States, under the act of Congress, such defendant, by requesting or accepting any time within which to answer or plead to the complaint, waives his right of removal. Unless the time within which he may file answer or plead, after the judgment is vacated and set aside, is fixed by statute, he cannot assert his legal right to relief under C.S., 492, without waiving his right also under the Constitution and laws of the United States, to a removal of the cause from the State *Page 606 
to the Federal courts. These rights are not inconsistent, and a defendant ought not to be confronted with such a dilemma.
The statute, now in force, prescribing the time within which an answer must be filed to a complaint, in an action commenced in the Superior Court, is as follows:
"The defendant must appear and demur or answer within twenty days after the return day of the summons, or after service of the complaint upon each of the defendants, or within twenty days after the final determination of a motion to remove as a matter of right. If the time is extended for filing the complaint, then the defendant shall have twenty days after the final day for such extension in which to file the answer or demurrer, or after the service of the complaint upon each of the defendants (in which latter case, the clerk shall not extend the time for filing answer beyond twenty days after such service): Provided, in cases where the complaint is not served, for good cause shown, the clerk may extend the time to a day certain; otherwise the plaintiff may have judgment by default." C.S., vol. III, sec. 509.
When the judge in his order setting aside and vacating the judgment, provided that defendant was allowed twenty days within which to answer, he exercised no discretion in behalf of defendant; the provision is a recognition of defendant's right under the statute to twenty days from the date of the order, determining his right to defend, as the time prescribed by statute, within which he must answer or plead to the complaint of plaintiff.
Defendant did not waive his right to removal of the cause from the State court to the United States Court by his appearance in the action to move that the judgment be set aside and vacated under C.S., 492. He did not waive such right by his acceptance of the order, providing that he be allowed the statutory time of twenty days to answer. He filed his petition for removal within the time allowed by statute for answer, and we must hold that it was error to refuse his motion. See Harter Township v. Kernochan,103 U.S. 562, 26 L.Ed., 411.
The action set out in the complaint in favor of plaintiff and against defendants, some of whom are citizens of this State, and some citizens of other states, is clearly separable, as to such defendants. The action as against each defendant may be prosecuted by plaintiff without regard to the rights of plaintiff to recover of the other defendants. This clearly appears from the fact that plaintiff sought and obtained a judgment against the defendant, S. R. Smith, alone, in the Superior Court of New Hanover County. The order of the clerk was erroneous, and upon defendant's appeal should be
Reversed. *Page 607