W. T. HINNANT v. S. A. BOYETTE.

(Filed 19 September, 1928.)

**1. Judgment—Conclusiveness of Adjudication—Interlocutory Judgments —Issues.**

When, in an action to recover the purchase price of goods sold and delivered, the plaintiff alleges the purchase of an inventory of articles, giving a list of them, which the defendant denies, but alleges that only a part of the articles were purchased, not by him but by his son who had fully paid for them and, under order of court, a receiver was appointed to take possession of the goods, and the defendant retained possession

under the further terms of the order, by filing a bond securing the payment of any judgment the plaintiff might recover in the action, whether the jury found the sale to have been made to the defendant or to his son, and the order provides that the son might be made a party: *Held*, the terms of the order, unexcepted to by defendant and under which he has proceeded, are binding upon him, and, in the action, issues as to purchase either by the defendant or his son should be submitted to the jury, and the court's refusal to submit such issues upon the application of the plaintiff entitles him to a new trial.

**2. Parties—Defendants—Joinder.**

When the issues in controversy raise the question as to whether the plaintiff sold certain goods to the defendant or to his son, the son is at least a proper party to the action, and should be made a party defendant before the trial of the action.

APPEAL by plaintiff from *Nunn, J.,* at February Term, 1928, of JOHNSTON. New trial.

Action to recover for goods sold and delivered under contract between plaintiff and defendant.

In his complaint plaintiff alleged that pursuant to a contract entered into by and between plaintiff and defendant, on or about 7 December, 1925, he sold and delivered to defendant certain articles of personal property, described in an inventory thereof, attached to and made a part of the complaint; that defendant agreed to pay to plaintiff, in cash, upon the completion of said inventory, as the purchase price of said articles, the amount shown thereby as the value of said articles, plus 7½ per cent; that before the completion of said inventory, and while same was being taken, defendant paid to plaintiff the sum of $1,500.00, on account of said purchase price; that upon the completion of said inventory, the articles shown therein were delivered to defendant, and that thereafter defendant, although retaining possession of said property, declined and refused to pay to plaintiff the balance due on said purchase price, to wit, the sum of $2,960.81.

Plaintiff demands judgment that he recover of defendant the sum of $2,960.81, with interest and costs, and prays that a receiver be appointed by the court to take possession of the articles of personal property, included in said inventory, and now in possession of defendant, and that said receiver be directed to sell the same under orders of the court, and apply the proceeds of said sale as payments on said judgment.

Defendant, in his answer, denied that he had purchased from plaintiff the articles of personal property as alleged in the complaint, and also denied that he had paid any sum to plaintiff on account of the purchase price for same. He denied that said articles of personal property were delivered to him by plaintiff, or that same were in his possession. Defendant alleged that his son, Willie Boyette, entered into a contract with

plaintiff by which he purchased a portion of said articles of personal property included in the inventory, and that his said son had paid to plaintiff the full amount of the purchase price for the articles of personal property sold and delivered by plaintiff to his said son.

After the filing of the complaint and answer, the cause came on for hearing before Sinclair, J., upon plaintiff's motion for the appointment of a receiver, in accordance with the prayer in the complaint. Upon facts found at said hearing, an order was made appointing a receiver, and authorizing said receiver, upon the execution of a bond in the sum of $4,000.00, to take possession of "the property described in the inventory attached to the complaint, and now in the possession of S. A. Boyette and Willie Boyette, and situate and being in the filling station and garage formerly owned by plaintiff in the town of Micro." The said order contains the following claim:

"It is further ordered, considered and adjudged that upon the execution of bond by defendant, S. A. Boyette, in the sum of $4,000.00, conditioned upon the payment of such judgment as plaintiff may recover for said goods as shown by said inventory attached to the complaint, upon the final adjudication of said cause, whether the jury should find that said sale was made to the defendant, S. A. Boyette, as alleged in the complaint, or to the said Willie Boyette, as alleged in said defendant's answer, then and in that event the receiver herein appointed is directed to deliver to the defendant the property described in said inventory attached to and made a part of the complaint in this cause, and thereupon, it is ordered that the receiver and his bondsman be discharged from all liability on said receiver's bond.

"This cause is continued for further hearing and orders.

"Plaintiff has leave to make Willie Boyette party defendant."

Thereafter, a bond executed by defendant, S. A. Boyette, with P. A. Boyette as his surety, in the sum of $4,000.00, and conditioned as required by said order, was filed in this cause. Said bond has been lost from the papers in this cause, but it was agreed on the argument in this court that the bond as appears in the record is substantially a copy of the bond filed by the defendant. Upon the execution of said bond, and pursuant to the terms of the order made by Sinclair, J., the articles of personal property included in the inventory attached to and made a part of the complaint, were not taken into possession by the receiver.

Willie Boyette, son of defendant, has not been made a party defendant.

At the trial the following issues were submitted to the jury:

"1. Did the defendant, S. A. Boyette, contract to buy from plaintiff the property described in the complaint, at the price and upon the terms alleged in the complaint? Answer: .............

"2. If so, what amount is plaintiff entitled to recover of the defendant, S. A. Boyette? Answer: ...... ......"

The jury, having answered the first issue "No," under instructions of the court, did not answer the second issue.

From judgment upon the verdict, plaintiff appealed to the Supreme Court.

*Albert M. Noble and Battle & Winslow for plaintiff.*
*Paul D. Grady and J. Ira Lee for defendant.*

CONNOR, J.   The issues submitted to the jury at the trial of this action arise upon the pleadings; answers to these issues would be determinative of plaintiff's right to recover upon the cause of action alleged in the complaint.   However, the controversy between the parties has been limited by the order of Sinclair, J., to which defendant did not except.   Having failed to except to this order, defendant is deemed to have consented thereto; he is bound by its terms.   *Bryson v. R. R.,* 141 N. C., 594, 54 S. E., 434.   Defendant, by the execution of the bond, availed himself of the provisions of the order, and thereby precluded the receiver, appointed by the court, upon plaintiff's motion, from taking possession of the property.   The property, by virtue of the order and the bond, remained in the possession of defendant and his son, Willie Boyette.   Defendant agreed to pay such judgment as plaintiff might recover upon the trial, whether the jury should find that he was the purchaser, or whether the jury should find that his son was the purchaser.   Defendant thus, in effect, stipulated that the issues to be submitted to and passed upon by the jury should involve only the amount which plaintiff was entitled to recover by judgment against either the defendant or his son.   At the trial, by virtue of the order of Sinclair, J., the matter in controversy between the parties was the subject-matter of the contract, and not the parties thereto.

Plaintiff contends that he sold and delivered all the articles included in the inventory attached to the complaint; defendant contends that plaintiff sold only such portion of the said articles as plaintiff has been paid for.   Issues involving these contentions are the proper issues, under stipulation of the parties.   Issues, substantially similar to the issues tendered by plaintiff, and refused upon objection of defendant, should be submitted to the jury.

Leave was given plaintiff in the order of Sinclair, J., to make Willie Boyette a party defendant.   He is at least a proper party, and should be made a defendant, prior to the trial of the action.

For errors with respect to the issues, there must be a

New trial.