**YUBA CITY BOX CO. v. LIVERPOOL & LONDON & GLOBE INS. CO., and five other cases.**

District Court, N. D. California, N. D. July 27, 1929.

Nos. 625–630.

A. H. Hewitt and Lloyd E. Hewitt, both of Yuba City, Cal., for the motions.

Percy V. Long and Bert W. Levit, both of San Francisco, Cal., opposed.

ST. SURE, District Judge. The question presented to the court on motions to remand in these cases is whether or not the petition for removal was filed "at the time, or any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead." Section 29, Judicial Code, 36 Stats. 1095, 28 USCA § 72. It was filed within an extension of time by stipulation of plaintiff "to demur, answer or otherwise plead."

Because defendant attacks the general statement in La Flower v. Merrill (D. C.) 28 F.(2d) 784, at page 785, and the cited supporting decision of Williams v. Wilson Fruit Co. (D. C.) 222 F. 467, as dictum and not establishing any rule in California, in the first because remand was granted on other grounds, the second because made by a then District Judge in an Idaho district, and because defendant urges that the rule in California which ought to be followed is established in Citizens' Trust & Savings Bank v. Hobbs, 253 F. 479 (D. C. S. D. Cal. 1918, Trippet) with Tevis v. Palatine Insurance Co., 149 F. 560 (C. C. N. D. Cal. 1906, Wolverton), I consider it advisable to make a general statement of what I consider the correct established rule in this district, namely:

Section 407, California Code of Civil Procedure, is the law of the state specified in the removal statute which determines the time within which defendant is required to answer or plead. "According to the notice in the summons, the defendant was required to answer. * * *" Citizens' Trust & Savings Bank v. Hobbs, supra; "Required" defined, Adams v. Puget Sound, etc., Co. (D. C.) 207 F. 205; "The very fact that a stipulation of the parties was necessary shows that the defense was due." Wayt v. Standard Nitrogen Co. (C. C.) 189 F. 231, at page 233.

Stipulations of parties, with or without order of court, or special orders of the state court, to plead or move, do not enlarge the time for removal nor work an estoppel against or constitute waiver by plaintiff. It is defendant's duty to comply strictly with the mandatory federal removal statute if he will enjoy the right which it creates and regulates.

I also adopt the deliberate, clarifying statement and interpretation of Judge Dietrich (now a member of our Circuit Court of Appeals) in Williams v. Wilson Fruit Co. (D. C.) 222 F. 467; and am unable to follow or be bound by the reasoning and conclusions announced in Citizens' Trust & Savings Bank v. Hobbs, supra, further than the sentence cited above; or Tevis v. Palatine Ins. Co. (C. C.) 149 F. 560, which does not assume to determine any correct general rule, but applies the doctrine of estoppel.

I consider both Citizens' Trust & Savings Bank v. Hobbs, which arose in the Southern District, and Tevis v. Palatine Ins. Co., which it cites and purports to follow, from the Northern, to be departures from the established rule in California and from the weight of authority. 23 Ruling Case Law, 742.

Austin v. Gagan et al. (C. C., 1889) 39 F. 626, 5 L. R. A. 476, presents the exact situation of these cases under language of the Act of 1887 (24 Stat. 552) identical with that of section 29, Judicial Code (28 USCA § 72), here under consideration. The decision of Circuit Judge Sawyer (Northern District of California), perhaps the first in this district under the Act of 1887, is an admirably direct statement of the rule logically resulting from the purpose and policy animating Congress in its enactment of the successive changes in the removal law, and the interpretations of the Supreme Court of the United States thereof; "and," he says, "this

910

[that extension of time \* \* \* by orders of the court, or stipulation between the parties could not extend the time for filing a petition for removal under earlier acts] has often been the ruling in this court as will be seen by consulting the reports of its decisions." "This law must be construed in the same way as the former, as to the matter of extending the time to plead by the court, or by stipulation of the parties. The party must make his election; and file his petition at or before the time when his pleading is first due under the law or rules as they exist when service of summons is made, or he waives his right to a removal. This must be the rule, or the parties by stipulation, or the court by special orders, on their application, may extend the time to apply for a removal, indefinitely, and the policy of the law be thereby defeated. \* \* \* The policy of the law is to require parties to take the first opportunity to change the forum, and in default thereof the right is waived."

And see Powers v. Chesapeake & Ohio Railway Co., 169 U. S. 92, at page 100, 18 S. Ct. 264, 267 (42 L. Ed. 673): "This provision [act of March 3, 1887, c. 373, as corrected by act of August 13, 1888, c. 866, 25 Stat. 435; previously quoted in the case and identical with that passed on in Austin v. Gagan as to time] clearly manifests the intention of Congress that the petition for removal should be filed at the earliest possible opportunity." The case was decided January 10, 1898.

For a late case with state statutes and facts almost identical with these, citing Austin v. Gagan, and in accord, see American Fountain Supply & Products, Inc., v. California Crushed Fruit Corporation (D. C. Minn. 1927) 21 F.(2d) 93.

The motion to remand in each case will be granted, and it is so ordered.