### 25759. BARLOW *v.* CARROLL.

MACINTYRE, J. 1. Where a non-resident defendant in a suit filed against him in the State court, in acknowledging service thereof, waived his right of removing the same to the Federal court, such waiver and agreement were valid and binding, and he could not thereafter file a petition in the State court and have the same removed. Smithson *v.* Chicago &c. R. Co., 71 Minn. 216 (73 N. W. 853); Murphy *v.* Stone &c. Engineering Cor., 44 Mont. 146 (119 Pac. 717); Texas &c. R. Co. *v.* Matkin, 107 Tex. 125 (174 S. W. 1098).

2. Where a non-resident defendant, after having acknowledged service of a suit filed against him in this State, filed a petition for removal of the cause to the Federal court, and an order was signed by the judge removing said case, and at the same term, and before the proceedings had actually been filed in the Federal court, a motion was filed by the plaintiff to revoke said order of removal on the ground that the defendant had waived such right, and the plaintiff thereupon amended his petition for removal, setting up duress in the procurement of the waiver, the judge of the State court was not without authority to revoke the order of removal, and under such circumstances it was not necessary that the plaintiff make a motion to remand in the Federal

738

court. Such order of removal was still within the breast of the court; and the proceedings not having actually been filed in the Federal court, there was no suit to remand.

3. The court ruled: "The court being of the opinion that the facts alleged in the amendment to remove said cause do not constitute in law duress, and the applicant to remove having agreed in writing that the case be tried in Dooly superior court, the application to remove this cause is denied." By his amendment to the petition for removal the plaintiff set up that in connection with the accident on which the suit was based, he had been arrested and gave bond on November 1, under a warrant issued on that date by the plaintiff, and that in signing said waiver on November 8, he had done so because the plaintiff had agreed not to prosecute him thereunder. In the absence of a showing that the warrant and arrest were not legal, or, being legal, were in the execution of an illegal purpose, to wit, to coerce him to sign said waiver, we agree with the trial judge that the facts alleged do not in law constitute duress. *Graham* v. *Marks*, 98 *Ga.* 67 (25 S. E. 931). We are of the opinion that the judge did not err in revoking the order of removal.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*

Decided December 3, 1936.

*Ellis & Ellis,* for plaintiff in error.
*S. A. Nunn, L. L. Woodward,* contra.