Battle, J.
 

 The bill is filed for the sole purpose of obtaining the decision of the Court upon the question, whether in the distribution of the personal estate of an intestate, the son of a deceased uncle- can, by right of representation, claim an equal share with an uncle and aunt, who are the nearest of kin to the intestate. This question is settled by the express words of our act of distributions, which says, that in the case of an intestacy,
 
 “
 
 if there be neither widow nor children, nor any legal representative of children, the estate shall be distributed equally to every of the next of kin of the intestate, who are in equal degree, and to those who legally represent them,” with a
 
 proviso,
 
 “ that in the distribution of the estate, there shall be admitted among collateral kindred, no representative after brothers’ and sisters’ childrensee Rev. Code, chap. 64, sections 1 and 2. There was a similar provision in the English statute of distributions of the 22d Charles II, and it has always been held that among the uncles and aunts and other more distant kindred of an intestate, there could be no right of representation allowed; 2 Williams on Executors, 930. In the rules of the descent of real estate, the right of representation is indefinite, as well among collateral as lineal kindred ; see Rev. Code, chap. 38, sec. 1, rule 3. This has always been the law, both in England and in this State, (see
 
 Clement
 
 v.
 
 Cauble,
 
 2 Jones’ Eq. 82;
 
 Haynes
 
 v.
 
 Johnston, 5
 
 Jones’ Eq. 124,) and in consequence of it, the real estate of án intestate will often devolve, in part, upon a person, who hannot take any portion of his personal estate. The law, up-<bn the subject, has been so long and so firmly established, t-hat it is unnecessary for us to attempt an explanation of the Reasons upon which it was originally foundedi
 

 Feb Curiam, Decree accordingly.