Pearson, C. J.
 

 This is a bill by a single creditor against an administrator. It seeks to have a legal demand established, an account of the assets and a decree for payment
 
 *356
 
 in the course of administration. No special ground is alleged for applying to a court of Equity. The bill is one of the “first impression” in this State.
 

 Such a jurisdiction is exercised in the court of Equity in England, but we see from the books that it is rarely resorted to. It is put on the ground of
 
 1-discovery
 
 and account,” and the doctrine that when the court has got hold of the case, it will go on-and give relief and not send the parties to a court of law. This doctrine is very questionable and unsatisfactory, and there are many grave objections even in England to the exercise of the jurisdiction. If one creditor be at liberty to file a bill of the kind, then may another, and so another. Thus, instead of preventing a multiplicity of suits, the number may be increased
 
 ad
 
 infinitum, and the estate is consumed by costs. Again, unless the executor or administrator confesses assets, it is necessary to have an account. If assets be confessed, it shows there was no occasion to resort to a court of equity, if it be necessary to have an account, no one is bound by it except the parties; and there is a direct violation of the well settled principle that in taking an account, a court of equity requires all persons concerned in interest to be made parties, so as to be bound by the decree, and put an end to the matter.
 

 The objection that this jurisdiction creates a multiplicity of suits, is not met by the fact that should a number of single creditors severally file such bills, the court has power to order a consolidation, for the costs of. all of these bills will have been incurred, and must in the end be paid out of the estate. Nor is the objection that the account if taken in the suit of one creditor does not bind the others, met by the fact that should an account of the assets become necessary, the court may require the plaintiff to turn it into a “creditors’ bill”, so as to call them all in. For the answer is
 
 cui bono
 
 file such a bill ? Why not file a creditors’ bill at the
 
 *357
 
 start, so that upon a decree
 
 quod computet
 
 all actions at law may be stopped, and the whole estate be settled in one suit ?
 

 Besides these objections to entertaining jurisdiction in this State, we have this additional consideration. There is a statute which empowers the courts of law to require the production of books and papers, and another statute which makes parties to actions at law competent and compellable to give evidence; so one of the grounds on which the jurisdiction in equity is based, to wit discovery, is entirely taken away by legislation in this State. Again, there is a statute which in 'most cases empowers the courts of law, in suits against executors, administrators, guardians, &c., where the matters pleaded may make it necessary that an account shall be taken in order to a due administration of the cause, at the appearance term or at any time in the progress of the cause, in its discretion, to refer the taking of such account to such commissioners as the parties may select; if they cannot agree in the selection, then the court may refer it to the clerk or any other person as commissioner; and such commissioners shall state an account,
 
 under the same rules and regulations as are provided for stating accounts in courts of equity, <£c.
 
 So the other ground on which the jurisdiction in equity is based, to wit “account,” is almost entirely taken away by legislation in this State. If to all of this it be added, that although in one or two cases, in the opinions delivered by Judges of this court, the fact that this jurisdiction obtains in the courts of equity in England is alluded to, still there never has been a bill of the kind entertained by our court since its institution in 1818, a period of fifty years, — we feel well warranted by the action of the court and the reasoning by which it is supported in
 
 Allen
 

 Allen,
 
 6 Ire. Eq., 293, in reference to a “wife’s claim for a settlement,” in holding that this jurisdiction of equity at the
 
 *358
 
 suit of a single creditor, has never obtained in this State, and will not now be entertained. So, in the language of the court in
 
 McKinnon
 
 v.
 
 McDonald,
 
 4 Jon. Eq., 1. We thus reject another of those refined doctrines of equity jurisprudence which render the English system so entirely artificial and complicated, and add ‘ the jurisdiction to enforce payment of a legal demand at the suit of a single creditor against an executor and administrator’ to the list of ‘part performance,’ ‘the lien of a vendor for the purchase money,’ ‘the wdfe’s equity for a settlement’ and the ‘wife’s right to pin money,’
 

 It is not necessary to notice the question made as to the want of an averment that the debt claimed by the plaintiff was contracted upon a valuable consideration.
 

 Demurrer allowed, bill dismissed.
 

 Per Curiam
 

 Bill dismissed.