## BENTON UTLEY *v.* F. C. H. PETERS.

Upon a motion to be allowed to defend after judgment, under sec. 85, chap. 17, Bat. Rev., the facts in the case must be found by the Court in which the motion is made.

(*Clegg* v. *N. Y. Soapstone Co.*, 66 N. C. Rep. 391, cited and approved.)

SPECIAL PROCEEDINGS, tried before *Tourgee, J.*, at Spring Term, 1874, ORANGE Superior Court.

This was a motion under sec. 85, C. C. P., to be allowed to defendant after judgment, and asking a writ of *recordari* to bring up certain proceedings before a magistrate necessary to defence against the judgment, and also to cancel a deed made by the Sheriff of Orange to one S. M. Barbee, conveying certain property sold, under execution.

The case was heard upon affidavits and among others filed in the case, the defendant filed the following:

" F. C. H. Peters, being duly sworn, says:

1. That during the years 1865–'66–'67 the plaintiff sold and delivered goods to her husband Osmond Peters, and the bill for the same was presented against him.

2. That defendant did not agree to charge her property for said debt.

3. That she did not receive notice of any judgment against her until some time during the month of May, 1873, and there she learned it only indirectly through another lady.

4. That she is now, and has been for several years residing in Portsmouth in Virginia, and is ignorant of the laws of North Carolina, and was not informed of her rights in the action until recently.

5. That from dealing with S. M. Barbee, while at Chapel Hill she has reason to believe that said Barbee at the time of his purchase knew the house and lot in Chapel Hill to be her property, and that the debt on which judgment was obtained by Benton Utley, to be due and owing by Osmond Peters. That she remembers to have told Mr. Barbee, in the latter part of the year 1867, that the said house and lot in Chapel Hill, was her property, free from the control or the debts of her husband in any way.

FREDENA C. H. PETERS.

Upon the hearing his Honor refused the application of the defendant and dismissed the motion.

The defendant appealed; and as ground of appeal alleged " that good cause was shown, upon application made within one year after notice of judgment, and within five years after its rendition, and that the defendant should have been allowed to defend.

*J. W. Graham,* for appellant.
*Busbee & Busbee,* contra.

FOLK, Trustee of BURNETT *v.* HOWARD.

READE, J.  If we felt at liberty to decide the case, we would probably have to take the facts in the case to be as stated by the defendant in her affidavit; and so taking them, the merits would seem to be in her favor.  But, as we said in *Clegg* v. *N. Y. Soap Stone Co.*, 66 N. C. R. 391, and numerous other cases since, the facts must be found below.  To this end the cause will be remanded.  Neither party will recover costs in this Court.

PER CURIAM.                    Case remanded.