LUCRETIA RHODES and MARY RHODES v. MARTIN RHODES,
    J.  M.  McPHERSON,  MARY  McPHERSON,  ISABELLA
    McPHERSON, T. J. McPHERSON, HUGH McPHERSON.

(Decided November 14, 1899).

*Partition Proceedings—Publication for Defendant—Defense
    After Judgment—Sec. 220  of The Code.*

1. The defense intended to be allowed, under sec. 220, of The Code,
    to one who has not been actually, but only constructively, in
    court (by publication) is not confined to matters which if
    pleaded in apt time  would defeat the action.
2. Being a remedial statute, a just construction allows the party
    against whom a judgment has been taken, to set up any excep-
    tion which would have prevented or modified the judgment,
    *e grege*, inequality of partition.

MOTION to set aside judgment in proceeding for partition
of land, heard on appeal from the Clerk of MOORE Superior
Court, by *Timberlake, J.,* at Chambers, in Rockingham,
N. C., on October 19, 1899.   The motion was made before
the Clerk by defendant Martin Rhodes, a nonresident,
brought in by publication, on the ground of inequality in the
division.   The Clerk refused to set aside the judgment, and
Martin Rhodes appealed to the Judge at Chambers, who ren-
dered the following judgment:

This cause comes before [the Court] on appeal from the
refusal of Clerk Superior Court of Moore County to set aside
the decree heretofore made in this cause, on motion of Mar-
tin [Rhodes].   It is admitted that summons was served by
publication as to Martin Rhodes, on December 3, 1896; that
a decree appointing commissioners to divide the land was
made January 2, 1897; that their report was filed January
9, 1897; that said report was confirmed January 30, 1897,
no exceptions having been filed by any of the parties; that a

petition to set aside decree was filed October 6, 1897, by Martin Rhodes.

The Court finds as a fact, that one of the commissioners to make the division was related to the parties, but was not aware of same at the time of so acting, and that the partition as made is unjust, and the share allotted to Martin Rhodes is of less value than the share allotted to the other tenants in common. Therefore, it is ordered that the decree hereinbefore made be set aside, and that Martin Rhodes be allowed to answer and fefend this action.

> E. W. TIMBERLAKE,
> *Judge Holding Courts 7th District.*

To the foregoing judgment the plaintiffs excepted, and appealed to the Supreme Court.

*Messrs. Black & Adams,* for appellant.
*Seawell & Burns,* for appellee.

CLARK, J. This is a motion under The Code, sec. 220, made in the prescribed time by a nonresident who had been made a party by publication to come in after judgment in a partition proceeding. The Court found as a fact (*Utley v. Peters,* 72 N. C., 525), that the partition as made is unjust, and the share allotted to the petitioner is of less value than that allotted to the other tenants in common, ordered the decree heretofore made set aside, and that the petitioner be allowed to answer and defend in this action. There is no contention that any of the property has been sold to a purchaser in good faith, nor on the other hand, of irregularity in the order of publication, as in *Bacon v. Johnson,* 110 N. C., 114.

The appellants contend that the right given by sec. 220 to come in and defend after judgment, extends only to defenses

upon the merits, i. e., as to the allegations as to tenancy in common, or the number of shares, or the right to partition under the circumstances, and does not extend to exceptions to the report of commissioners on the ground of inequality, and the like. But we do not think the word "defend" in this section has the restricted meaning contended for by the appellants. The object of this section is to enable a non-resident, who has not been personally served with summons, to come in within the prescribed time after judgment and assert his rights as fully in every respect as he could have done before judgment had he been personally served, saving as the section provides the rights of anyone who has bought the property in good faith under the decree of sale in the cause. The defense intended to be allowed one who has not been actually but only constructively in court, is not confined to those matters which, if pleaded in apt time, would defeat the action. Being a remedial statute, a just construction is, that it allows the party against whom a judgment has been taken to set up also any exception which would have prevented or modified the judgment.

This proceeding is under The Code, sec. 220, and is not to impeach the former judgment for fraud and irregularity, though in partition proceedings even that could be done by petition in the cause (Code, sec. 1896), which is an exception to the general rule that a judgment can be attacked for fraud only by an independent action.. *Murray v. Southerland*, at this term.

No error.