FLORENCE T. MOORE, Administratrix of J. W. MOORE, Deceased,
v. JOHN C. RANKIN et als.

(Filed 29 November, 1916.)

### 1. Judgments—Nonresidents—Motions to Set Aside—Statutes.

Where a judgment has been rendered upon newspaper publication of summons against a defendant who was at the time and has continued to be a nonresident defendant, and he shows that he has moved to set it aside within one year after notice or knowledge thereof, and within five years after its rendition, the motion, excepting in actions for divorce, should be granted as a matter of right upon such terms as the court may consider just. Revisal, sec. 449.

### 2. Same—As a Whole—Descent and Distribution.

Upon motion to set aside a judgment involving the distribution of personal estate, the court erroneously holding that it should be divided among uncles and aunts to the exclusion of the children of such as were dead, Revisal, sec. 132, Rule 3: *Held,* the judgment must be set aside in its entirety when the movant has brought himself within the provisions of Revisal, sec. 449, regarding setting aside a judgment against nonresidents.

### 3. Descent and Distribution—Personalty—Collateral Representation—Statutes.

Our present statute of distributions, Revisal, sec. 132, Rule 3, changes the former rule under the Revised Code of 1854 so as to allow representation among collateral relations as to personalty to the same extent as in the descent of real property, and where the aunts and uncles of the deceased must take, the children of those who have died may take the part of the personalty their parents would have taken if living.

### 4. Executors and Administrators—Settlement—Actions at Law—Statutes—Equity.

Revisal, sec. 150, provides a remedy at law for an administrator who has filed a final account for settlement, by his thereafter filing a petition against the parties interested in the due administration of the estate, in the Superior Court at term, for an accounting and settlement; and wherein such matters have neither been shown nor funds for distribution, there is nothing for the decree to operate upon, and the petition should be dismissed, reserving to the petitioner his remedy at law under the terms of the statute.

Motion to set aside a judgment in the above entitled cause, heard before *Carter, J.,* at May Term, 1916, of Gaston. The judgment was rendered by *Lane, J.,* at January Term, 1915. The motion was made by Walter Ballew, one of the defendants. The court finds that said defendant was only served by a newspaper publication, and had no notice of the said judgment or of this action until 9 May, 1916; and that he

was not a resident of the State of North Carolina when the action was begun and has at no time since been a resident thereof. The court set aside the judgment, and the defendants C. D. Taliaferro, administrator of Martha Lowe, John C. Rankin, Mrs. E. C. Wilson, Mrs. Rosa M. Cloyd, Mrs. J. C. Latham, excepted and appealed to the Supreme Court.

*F. W. Thomas* for *Florence T. Moore, administratrix.*
*John W. Hutchinson and Arthur C. Junes* for *Walter Ballew, appellee.*
*Mangum & Woltz, Clarkson & Taliaferro* for *appellants.*

Brown, J. The motion to set aside the judgment is made under section 449 of the Revisal, which provides that a defendant against whom publication is ordered and made, on showing sufficient cause at any time before judgment is rendered, must be allowed to defend the action, and, except in an action for divorce, such defendant may in like manner, upon good cause shown, be allowed to defend after judgment, or at any time within one year after notice thereof and within five years after its rendition, on such terms as may be just.

Under the statute the defendant Walter Ballew had a legal right to have the judgment vacated. Such right is absolute and not within the discretion of the presiding judge. *Rhodes v. Rhodes,* 125 N. C., 191; *Page v. McDonald,* 159 N. C., 38. His affidavit fully justifies the findings of fact made by the court below and brings him within the terms of the statute.

The court very properly set aside the judgment in its entirety, for from its nature it could not well be set aside in part. The proceeding in which the judgment was rendered was brought to determine the proper distribution of an intestate's personal estate. The court held that it should be divided among a certain class of distributees, to wit, uncles and aunts. If the contentions of the defendant Ballew are upheld, this distribution was wrong and there must be a redistribution to the end that the other collateral relations, the children of uncles and aunts who were dead, shall participate. The court cannot declare a judgment to be valid as to some parties and erroneous as to others when, as in this case, the subject-matter of the judgment is an entirety as to all and their rights are inseparable. *Rhodes v. Rhodes, supra; Bilzer v. O'Brien,* 54 S. W., 951; 23 Cyc., 900.

We are of opinion that the defense of the defendant Walter Ballew is meritorious. The judgment of *Lane, J.,* which has been set aside, decreed that one-half of the surplus belonged to the plaintiff as the widow of J. W. Moore, deceased, and that the other one-half belonged to his next of kin, to wit, John C. Rankin, Mrs. E. C. Wilson, Mrs. J. C. Latham, and Rose N. Cloyd, share and share alike, subject to the right, if any, of Martha Lowe and those claiming under her.

It seemed uncertain as to whether Martha Lowe died before or after the intestate. The court adjudged that none of the other defendants have any interest in the personal estate of said J. W. Moore. The other defendants, including the defendant Walter Ballew, are the children of uncles and aunts who predeceased the said intestate. It is plain that under the Revised Code of 1854, in the distribution of the personal estate there was admitted among collateral kindred no representation after brothers' and sisters' children. The case of *Johnston v. Chesson,* 59 N. C., 146, was based upon this statute. Our present statute of distributions allows representation among collaterals to the same extent as in the descent of real property. Revisal 1905, sec. 132, being Rule 3 of the statute, and reading as follows: "If there be no child, nor legal representatives of a deceased child, then one-half of the estate shall be allotted to the widow and the residue be distributed equally to every of the next of kin of the intestate who are in equal degree, *and to those who legally represent them.*"

Construing this statute according to its literal interpretation, the first cousins here must be allowed to take the share of their ancestor which the ancestor would have taken if living, because, if living, they would be ·in equal degree with the surviving uncles and aunts. Inasmuch·as they are dead, the statute declares that their shares must go to those who legally represent them.

We think, however, the whole proceeding must be dismissed for the reason that the Superior Court, upon the facts of the complaint, has no jurisdiction. This complaint does not come under any one of the defined heads of equity jurisdiction. It is not a bill in equity to construe a will in order to fix legacies and have them paid under the direction of the court. It is not an action by a trustee who comes into court and brings funds with him and asks the court, with all claimants before it, to decree a proper distribution. It is a petition by an administrator who does not allege that she has filed any final accounting or that she has the funds in hand ready for distribution. There is nothing, therefore, for the decree of the court to operate upon. It is simply an application for advice to be given the plaintiff in regard to her future conduct. As said by *Judge Pearson* in *Tayloe v. Bond,* 45 N. C:, 17: "She must get such advice from a lawyer, and can only get the advice (more properly the direction) of the court when its present action is invoked in regard to something to be done under its decree."

It is common learning that a court of equity will not lend its aid in any case where the party seeking it has a full and adequate remedy at law. These principles relative to the effect of the existence or absence of a legal remedy apply as well to the jurisdiction of equity over administrations as to its jurisdiction over other matters of general equitable cognizance.

It is said in 16 Cyc., p. 100: "While in administration matters a resort to equity may be justified on the ground of a lack of a remedy at law, the mere fact that the subject of the suit involves the estate of a deceased person will not justify the interference of equity when a legal remedy exists." A large number of cases are cited in the notes supporting the text. Among others, *Wilkins v. Finch,* 62 N. C., 355; *Lyon v. Lyon,* 43 N. C., 201; *Jones v. Jones,* 6 N. C., 150.

The remedy of the plaintiff administratrix is now regulated by statute, and in order to get the benefit of it she must comply with its terms. Section 150 of the Revisal provides, in substance, that the administrator, who has filed his final account for settlement, may at any time thereafter file his petition against the parties interested in the due administration of the estate in the Superior Court in term-time, setting forth the facts and praying for an account and settlement of the estate. This remedy is still open to the plaintiff.

The action is dismissed.