[Civ. No. 12013–S. Second Appellate District, Division One.—December 16, 1938.]

In the Matter of the Estate of MARY LOY WAY, Deceased. LOY L. LOVE et al., Appellants, v. JEAN JACKSON et al., Respondents.

J. L. Smith and A. J. Edwards for Appellants.

Catlin & Catlin and Henry W. Catlin for Respondents.

YORK, P. J.—The respondents, who are sisters of decedent Mary Loy Way's mother, filed a petition for determination of interest in said decedent's estate and claimed the right to succeed to the entire estate as heirs at law of said

Mary Loy Way. Several first cousins of decedent, who are the surviving children of the predeceased brother and sisters of decedent's father, filed their answer to said petition alleging that "the legal heirs of the said Mary Loy Way and the legal next of kin entitled to inherit are the brother and sisters of said M. B. Loy (decedent's father), and if any of such brother or sisters of said M. B. Loy are deceased, then said property should go to the children of said deceased brother and/or sister by right of representation." The theory of said contestants, who are appellants herein, is that since decedent's mother predeceased decedent's father, and the bulk of decedent's estate was inherited by her through her father, that her cousins german on her father's side should succeed to her estate to the exclusion of cousins german on her mother's side and to the exclusion of her aunts, who are the surviving sisters of decedent's mother.

Upon the issues so joined, the court found that Mary Loy Way died March 1, 1937, leaving neither issue, spouse, parent, brother, sister nor descendant of a deceased brother or sister and died intestate; that the major portion of the assets of her estate came to her by inheritance through her father, who died January 29, 1932; that decedent's mother died November 19, 1905; that the brother and sisters of decedent's father and all the brothers and sisters of decedent's mother died prior to March 1, 1937, with the exception of respondents Jean Jackson and Minnie Jones, decedent's aunts, who are the surviving sisters of decedent's mother. As conclusions of law, the court found that said respondent aunts are the only heirs at law and take *per capita* the entire estate of decedent. From the decree thereafter entered pursuant to such findings of fact and conclusions of law, contestants prosecute this appeal.

Appellants apparently rely upon the following points to sustain their contentions upon this appeal:

1. That the major portion of decedent's estate having come to her through her father, the only next of kin entitled to share in her estate are the next of kin who are blood relations of her father, and that the surviving aunts of decedent, respondents here, being sisters of decedent's mother and not blood relations of her father, are barred from participating in her estate.

2. That the surviving aunts of decedent and the children of the uncles and aunts of decedent, which uncles and aunts predeceased the decedent, are all in the same degree of relationship to decedent for the purpose of participation in her estate under section 226 of the Probate Code, and that said children of said predeceased aunts and uncles of decedent take by right of representation the shares their mothers and fathers would have taken had they survived decedent.

The principles of law involved in the instant action are identical with those which arose in connection with the main question presented in the case this day decided of *Estate of Way, Loy L. Love, Contestant and Appellant,* against *Ben H. Brown, Public Administrator, Respondent,* Civil No. 11977–S (*ante,* p. 669 [85 Pac. (2d) 563]).

For the reasons stated in the opinion in that case, the judgment and decree determining heirship herein is hereby affirmed.

Doran, J., and White, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 10, 1939.