DRAPER *et al. v.* DRAPER *et al.*

(*Nashville,* December Term, 1938.)

Opinion filed April 1, 1939.

George Haile, of Cookeville, for appellants.

Bailey C. Butler, of Gainesboro, for appellees.

Mr. Special Justice Edward J. Smith delivered the opinion of the Court.

R. L. Draper died intestate on February 18, 1935, leaving a considerable estate of real and personal property.

The question presented for decision is whether Smith Cunningham and J. B. Cunningham, surviving uncles of the intestate, take his personal property to the exclusion of children and grandchildren of seven uncles and aunts, who predeceased him.

From a decree sustaining a demurrer and holding that the surviving uncles are the sole distributees of the personal estate of the intestate, the children and grandchildren of the deceased uncles and aunts have appealed to this court.

Code, section 8389(6), provides: "If no brother or sister, or their children, to every of the next of kin of the intestate who are in equal degree, equally."

Section 8390 provides: "There is no representation among collaterals, after brothers' and sisters' children."

That the phrase, "the next of kin," in the stat-

ute of distribution, is there used in its strict legal sense, and means next in blood, is manifest from the context, and from the provision that the distribution shall be made among persons "who are in equal degree, equally." The words, "who are in equal degree," signify those persons who stand in the same nearness of blood relationship to the intestate. *Helms* v. *Elliott*, 89 Tenn., 446, 451, 14 S. W., 930, 10 L. R. A., 535; *Spofford* v. *Rose*, 145 Tenn., 583, 593, 237 S. W., 68.

■ Who are the next of kin of an intestate in the distribution of personal property is determined by the rule of the civil law, and in the collateral line the computation is from the intestate up to the common ancestor of the intestate, and the person whose relationship is sought and then down to that person. *Kyle* v. *Moore*, 35 Tenn. (3 Sneed), 183, 184.

■ According to that rule, the intestate, and his uncle, are related in the third degree, and the intestate and children and grandchildren of deceased uncles and aunts are related in the fourth and fifth degree, respectively.

In *Latimer* v. *Rogers*, 40 Tenn. (3 Head), 692, it was held that a maternal grandmother of a person, dying intestate, and without issue, succeeded as next of kin to the personal estate in preference to the paternal uncle and aunt.

In *Penniman* v. *Francisco*, 48 Tenn. (1 Heisk.), 511, it was held that a grandniece does not take any share in the distribution of an intestate where there are brothers and sisters, nephews and nieces.

In so holding, Chief Justice NICHOLSON said:

"The decree as to the distribution of the personal estate of Jacob Burris, deceased, was erroneous. Nancy Smith, being the grand-niece of Jacob Burris, could not,

under the existing state of facts, be a distributee of his personal estate. By section 2430 of the Code, 'there is no representation among collaterals, after brothers' and sisters' children.' "

By the English statute of distribution (22 and 23 Charles II) it was provided that if there be no children, or their representatives, one moiety of the personal estate of the intestate should go to the widow, and that the residue should be distributed equally among the next of kin, who are in equal degree, and those who represent them; but that no representation should be admitted among collaterals, after brothers' and sisters' children.

While the statute was in force, the English courts uniformly construed the provision which declared that there should be no representation among collaterals after brothers' and sisters' children as meaning the children of brothers and sisters of the intestate. If, therefore, the intestate died without issue, and left surviving him an aunt and children of uncles and aunts, the aunt succeeded to the whole estate. *Bowers* v. *Littlewood*, 1 P. Wms., 593, 24 English Reports Reprint 531.

In *Johnston* v. *Chesson*, 59 N. C., 146 the court said:

"The bill is filed for the sole purpose of obtaining the decision of the Court upon the question, whether in the distribution of the personal estate of an intestate, the son of a deceased uncle can, by right of representation, claim an equal share with an uncle and aunt, who are the nearest of kin to the intestate. This question is settled by the express words of our act of distributions, which says that in the case of an intestacy, 'if there be neither widow nor children, nor any legal representative of children, the estate shall be distributed equally to every of the next of kin of the intestate, who are in equal

degree, and to those who legally represent them,' with a proviso, 'that in the distribution of the estate, there shall be admitted among the collateral kindred no representative after brothers' and sisters' children;' see Rev. Code, chap. 64, sections 1 and 2. There was a similar provision in the English statute of distributions of the 22d Charles II, and it has always been held that among the uncles and aunts and other more distant kindred of an intestate, there could be no right of representation allowed; 2 Williams on Executors, 930." See, also, *Parker* v. *Nims*, 2 N. H., 460; *Porter* v. *Askew*, 11 Gill. & J., Md., 346; 2 Kent's Commentaries (12 Ed., 1873), star page 426.

As the chancellor correctly construed the applicable sections of the Code, the decree is affirmed at the costs of the appellant.