In re HUMPHREY'S ESTATE.

No. 31107. Oct. 5, 1943.

*141 P. 2d 993.*

O. B. Martin, of Blackwell, and L. E. Helvern, of Hiawatha, Kan., for plaintiffs in error.

Maris & Maris, of Ponca City, for defendants in error.

PER CURIAM. This appeal presents but one issue for determination, that is, whether 84 O. S. 1941 § 213, subd. 6, permits collateral kin to inherit by right of representation, in a case where an intestate leaves no issue, no wife, no father or mother and no brother or sister, but leaves surviving him two uncles and a number of cousins, the children and grandchildren of the deceased uncles.

The facts were stipulated and will be briefly stated. Chan N. Humphrey departed this life intestate leaving no issue, no wife, no father or mother and no brother or sister, but leaving two uncles, the defendants in error, and a number of cousins, the plaintiffs in error. Plaintiffs in error were the children and grandchildren of four deceased uncles. The defendants in error claim the entire estate as the next of kin of the deceased. The plaintiffs in error claim the right to share in the estate by right of representation as children and grandchildren of the deceased uncles of the said Chan N. Humphrey. The county court held that the defendants in error succeeded to the entire estate by virtue of the provisions of 84 O. S. 1941 § 213, subd. 6, and appeal to the district court resulted in an affirmance of said judgment.

Plaintiffs in error contend that since 84 O. S. 1941 § 213, sub. 6, provides as follows:

"If the decedent leave no issue, nor husband, nor wife, and no father or mother, or brother, or sister, the estate must go to the next of kin in equal degree, excepting that when there are two or more collateral kindred, in equal degree, but claiming through different ancestors, those who claimed through the nearest ancestors must be preferred to those claiming through an ancestor more remote"

—that the above subdivision should be construed in connection with the other subdivisions of section 213, supra, to permit collateral kin to inherit by right of representation and thus constitute uncles and children of deceased uncles next of kin in equal degree within the meaning of that term as used in the subdivision quoted supra. The plaintiffs in error direct our attention to a number of cases from other jurisdictions in which the right of collateral kin to inherit by right of representation has been sustained. Among the cases so cited are Whitaker's Estate, 175 Pa. 139, 34 Atl. 572; Moore v. Ranken, 172 N. C. 599, 90 S. E. 759; Witherspoon v. Jernigan, 97 Tex. 98, 76 S. W. 445, and Broward v. Broward, 96 Fla. 131, 117 So. 691, and a number of other cases which appear under the annotation in 140 A.L.R. pp. 1138-1146. The cases so cited, however applicable to the jurisdictions where they were announced, are contrary to the express statutory law of this jurisdiction. The plaintiffs in

error were related in the fourth and fifth degree to the deceased, whereas the defendants in error were related to him in the third degree. See 84 O. S. 1941 § 221. The defendants in error are therefore clearly the next of kin of the deceased, and under the statute entitled as such to take his estate. It is the general rule that uncles and aunts under statutory provisions such as prevail here take to the exclusion of children or other descendants of deceased uncles and aunts. See 18 C. J. p. 836, § 62; In re Way's Estate, Love v. Brown, 29 Cal. A. 2d 669, 85 P. 2d 563; In re Way's Estate, Love v. Jackson, 29 Cal. A. 2d 677, 85 P. 2d 567; Draper v. Draper, 174 Tenn. 394, 126 S. W. 2d 307.

The plaintiffs in error, not being the next of kin of deceased, were not entitled to share in his estate, and the county court, originally, and the district court, on appeal, properly so held.

Judgment affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur. OSBORN and HURST, JJ., absent.