HINTON *et al. v.* CARNEY *et al.*

*(Nashville,* December Term, 1951.)

Opinion filed June 7, 1952.

Petition to Rehear July 11, 1952.

Sam P. Walker, R. L. Pearson, Robert E. Park, James E. Irwin, all of Memphis (Waring, Walker, Cox & Lewis, of Memphis, of counsel), for appellants.

Sam Taubenblatt and J. E. McCadden, both of Memphis (Armstrong, McCadden, Allen, Braden & Goodman of Memphis, of counsel), for appellees.

Mr. Justice Tomlinson delivered the opinion of the Court.

Frayser Hinton, while a resident of Shelby County, died intestate. At the time of his death he owned all of the capital stock of a Tennessee Corporation which did business as a Funeral Home under the corporate name of J. T. Hinton and Sons. He had owned all the stock of this corporation for a number of years, and had, to quote the bill, "completely dictated its business, and financial af-

fairs and policies, and operated it entirely as his individual property".

The corporation owned real estate which in a proper manner after the death of Mr. Hinton it sold for $103,000. It then surrendered its charter and paid the proceeds of this sale to the administrator of the intestate because he, the administrator, held all the stock of the corporation as personal property of the estate of his intestate. Under our statute the stock of every corporation is personal property, Code Section 3732.

The only relatives who survived the intestate, Frayser Hinton, were (1) an uncle, Harry T. Burgess and (2) the eight complainants who were cousins, they being the children and grandchildren of uncles and aunts who predeceased the intestate.

From that said above, it follows that under our Statute of Distribution, Code Section 8389(6) this uncle, Harry T. Burgess, takes the personal property of the intestate, Frayser Hinton, to the exclusion of these eight cousins. *Draper* v. *Draper*, 174 Tenn. 394, 396, 126 S. W. (2d) 307.

Under our statute of descent any real estate owned by the intestate would pass to these cousins as well as to this uncle. Based upon that fact these eight cousins filed this bill in an effort to participate in the proceeds of the sale of this realty that was owned by the corporation at the time of Mr. Hinton's death. The theory of their bill is that Mr. Hinton was the equitable owner of this realty because he was the owner of all the shares of stock of the corporation which held legal title to that realty. It is asserted in the bill that under the conditions stated this corporation was "a mere legal fiction" that the Court should ignore. Or, to state it as expressed in their brief,

these complainants say that they ''are not asking the Court to hold that shares of stock are real estate, but that the real estate owned by the corporation equitably belonged to Frayser Hinton, and, therefore, should descend accordingly''.

The case is here on the appeal of these complainants from the decree of the Chancellor sustaining a demurrer to, and dismissing, the bill.

In our case of *Parker* v. *Bethel Hotel Company,* 96 Tenn. 252, 280, 34 S. W. 209, 31 L. R. A. 706, it was held that the sole owner of all the stock of a corporation known as Bethel Hotel Company ''had no title, legal or equitable, to its property''. That property was real estate. Perhaps it is not inaccurate to say that this opinion is regarded everywhere as a leading case on the now generally recognized principle that the fact that one owns all the stock of a corporation does not make him the owner of its property. 13 American Jurisprudence, page 465, Section 412; 18 C. J. S., Corporations, Sec. 513, p. 1193. The Parker case, in our opinion, is conclusive here, and makes it necessary to reject appellants' insistence.

However, because it is such a clear statement of the law applicable to the situation with which we are here dealing, we quote from the Ohio case of *Bradley* v. *Bauder,* 36 Ohio St. 28, 38 Am. Rep. 547, 549, the following:

''The ownership of a share of stock, so far as the property of the corporation is concerned, is but the ownership of the right to participate from time to time in the net profits of the business, and upon the dissolution of the corporation to a proportion of the assets after the payment of the corporate debts. It is personal property which upon the death of the

owner goes to his administrator, although the entire capital of the corporation may consist of real estate."

The decree of the Chancellor will be affirmed with costs adjudged against the appellants.

PREWITT, Justice, not participating.

## ON PETITION TO REHEAR.

TOMLINSON, Justice.

In the opinion previously announced there is the statement that after the death of Mr. Hinton the corporation sold the real estate and paid the proceeds to his administrator. This is an erroneous statement. The fact is that the administrator voted all the stock at a stockholders meeting which authorized the transfer of this land to the administrator and voted to surrender the charter. Thereafter the stock was cancelled and title to the realty vested in the administrator, who, in that capacity, sold it.

The administrator wants this erroneous statement corrected so as to conform with the fact as above stated. That is the only purpose of the petition to rehear. The opinion will be treated as modified to the extent of making that correction.