**In re FELGAR'S ESTATE.**

RETSCHLAG et al. v. SMALLEY et al.

No. 36046.

Supreme Court of Oklahoma.

June 15, 1954.

Rehearing Denied July 13, 1954.

454

Harry T. Coffman, Lyndon, Kan., John F. Jones, Tulsa, and Homer Cowan, Norman, for plaintiffs in error.

T. R. Benedum, Norman, for defendant in error, Della Rohrbough.

Paul W. Updegraff, Norman, for defendant in error, Joe A. Smalley, Administrator of the estate of Etta J. Felgar, deceased.

O'NEAL, Justice.

This appeal presents the following questions: (a) Are first cousins entitled to inherit one-half of deceased's residue estate to the exclusion of second cousins; (b) is the sole heir of the deceased's husband entitled to take one-half of the residue estate of the deceased; and (c) under the statute of succession, Title 84 O.S.1951 § 213, do heirs take under Subd. 2 or under Subd. 6?

Upon the filing of the Final Report and Petition for Distribution in the matter of the Estate of Etta J. Felgar, deceased, in the county court, a decree was entered distributing the residue of Etta J. Felgar's property to Fred Judd and Norris Judd, first cousins of the deceased, to the exclusion of the second cousins of the deceased. The District Court of Cleveland County, upon appeal, made a like distribution.

The second cousins have appealed contending that they are entitled to participate in the property of the deceased under Title 84 O.S.1951 § 213, Subd. 2, according to the right of representation, in that part of the deceased's property acquired by the joint efforts of deceased and her former husband during coverture.

It is further contended that if such inherited property is distributed "according to the right of representation" children of predeceased cousins share equally with the children of cousins who died after the death of the intestate—for they are of equal kin to the deceased.

J. H. Felgar and Etta J. Felgar, husband and wife, acquired the property here involved during coverture. Upon the death of J. H. Felgar, intestate, the property was distributed to Etta J. Felgar. Upon her death the residue of said property descended under the law of succession to which we shall advert, infra.

Etta J. Felgar, who died intestate, left surviving her as next of kin, Fred Judd and Norris Judd, first cousins; the appellants, Aleatha F. Retschlag, sole and only heir of William Judd, a cousin of Etta J. Felgar, who predeceased Etta J. Felgar, and Edwin N. Judd, Roscoe V. Judd and Lois Fern Schwartz, sole and only heirs of Frank Judd, a cousin of Etta J. Felgar, who predeceased Etta J. Felgar, as second cousins.

Hereafter, Fred Judd and Norris Judd will be generally referred to as the first cousins, and the named appellants, plaintiffs in error, as second cousins. The first cousins having died subsequent to the death of Etta J. Felgar, are here represented by the administrator of their estates. Della Rohrbough, an heir of J. H. Felgar, deceased, is represented by the administrator of the estate of the first cousins.

The trial court found that under paragraph 6 of Section 213 of Title 84 O.S.1951, one-half of that portion of the residue of the estate of Etta J. Felgar, deceased, passed to Fred Judd and Norris Judd, first cousins, upon the death of Etta J. Felgar, to the exclusion of the heirs of William Judd and Frank Judd, deceased, and should be distributed to the administrator of the estate of Fred Judd and Norris Judd.

The court further found that Della Rohrbough as the sole and only heir at law and next of kin of J. H. Felgar, deceased, takes one-half of the residue of the estate of said J. H. Felgar, deceased, in the hands of Etta J. Felgar at the time of her death. The second cousins do not contend that they can participate in Etta J. Felgar's separate property by reason of Title 84 O.S.1951 § 213, Subd. 6, but contend that a different rule applies to property acquired during coverture, and that as second cousins they come within the term "according to the right of representation" under Subd. 2 of Section 213 of Title 84 O.S.1951, and thereby are entitled to participate on an equal basis of distribution of the property as the first cousins.

Subd. 5 of Section 213 of Title 84 O.S. 1951, provides that if the decedent leave a surviving husband or wife, and no issue, and no father, nor mother, nor brother, nor

sister, the whole estate goes to the surviving husband or wife. Under the foregoing statute the whole of the estate of J. H. Felgar, deceased, went to Etta J. Felgar, his wife. Hughes v. Bell, 55 Okl. 555, 155 P. 604.

Subd. 5, however, does not apply in the event the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, for in such case the whole estate goes to the survivor at whose death, if any of said property remains, one-half thereof goes to the heirs of the husband and one-half to the heirs of the wife, as set forth in the proviso of Title 84 O.S.1951 § 213, Subd. 2.

The second cousins make no complaint with reference to the decree which vests one-half of the estate of Etta J. Felgar in Della Rohrbough, sole heir of J. H. Felgar, deceased. The administrator of the estate of Etta J. Felgar, while conceding that the first cousins inherited all of the estate of Etta J. Felgar upon her death to the exclusion of the second cousins, here contends that the trial court erred in vesting one-half of the residue of the estate of Etta J. Felgar in Della Rohrbough, sole heir of J. H. Felgar, deceased, and as to the latter disposition the decree below should be modified so as to vest the whole estate of Etta J. Felgar in the administrator of the estate of Fred and Norris Judd, the first cousins.

The validity of the decree depends upon the construction to be given Subd. 2 of Section 213 of Title 84 O.S.1951, as applied to the distribution of the residue property jointly acquired by husband and wife upon the death of the survivor "according to the right of representation." That section reads:

"If the decedent leave no issue, the estate goes one-half to the surviving husband or wife, and the remaining one-half to the decedent's father or mother, or, if he leave both father and mother, to them in equal shares; but if there be no father or mother, then said remaining one-half goes, in equal shares, to the brothers and sisters of the decedent, and to the children of any deceased brother or sister, by right of representation. If decedent leave no issue, nor husband nor wife, the estate must go to the father or mother, or if he leave both father and mother, to them in equal shares: Provided, That in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor, at whose death, if any of the said property remain, one-half of such property shall go to the heirs of the husband and one-half to the heirs of the wife, according to the right of representation."

The contention of the second cousins is that under Subd. 2 they are entitled to participate in the distribution of the estate of Etta J. Felgar, deceased, because the property was acquired by the joint industry of husband and wife during coverture, there being no issue; therefore, one-half of such property goes to the heirs of the husband and wife "according to the right of representation."

Under Title 84 O.S.1951 § 213, we find nine classifications of persons who, under various situations, are persons to whom property of an intestate descends.

Counsel for the respective parties cite In re Griffin's Estate (Griffin v. Dohner), 199 Okl. 676, 189 P.2d 933, 934, as sustaining their respective positions. In that case it was held:

"Under the proviso to 84 O.S.1941 § 213(2) the surviving spouse inherits the whole estate and in property acquired by the joint industry of husband and wife during coverture the title to which is vested in the spouse dying first and without issue, and on the death of the survivor without issue and without having disposed of such property by will or otherwise, such property descends from the survivor to the classes named in said proviso, the heirs of each spouse succeeding in equal parts to the title of the last survivor."

Subd. 2 of Section 213 of Title 84 O.S. 1951, was there declared to be applicable for the reason that the property was acquired by the joint industry of husband and wife during coverture, and that there were

heirs of both husband and wife of the class designated in Subd. 2 as having an inheritable interest, to wit: a mother of the deceased wife and brothers and sisters of the deceased's husband.

In the case at hand, as we have seen, there are no heirs of the class referred to in Subd. 2, to whom the property goes and therefore the descent must be cast under the provisions of Subd. 6 of Section 213 of Title 84 O.S.1951, which provides:

"If the decedent leave no issue, nor husband, nor wife, and no father or mother, or brother, or sister, the estate must go to the next of kin in equal degree, excepting that when there are two or more collateral kindred, in equal degree, but claiming through different ancestors, those who claimed through the nearest ancestors must be preferred to those claiming through an ancestor more remote."

The question then presented is whether the first cousins who were living at the time of Mrs. Felgar's death are the sole heirs to take one-half of the residue of the jointly acquired property or whether the second cousins, the children of cousins who predeceased Mrs. Felgar, are of a class to inherit on an equal basis with first cousins.

Under Subd. 6, the estate must go to the next of kin in equal degree. In re Humphrey's Estate, 193 Okl. 151, 141 P.2d 993, we construed Subd. 6 of Section 213 of Title 84 O.S.1951, and held that where the intestate leaves no issue, nor wife, and no father or mother, or brother, or sister, but leaves surviving him two uncles and a number of cousins, the children and grandchildren of a deceased uncle, that the uncles rather than the cousins are the next of kin who take pursuant to Subd. 6.

The second cousins in the case at hand assert that in any event Subd. 6 must be construed in connection with Subd. 2, and if so construed, it permits collateral heirs to inherit by right of representation.

What is meant by the term "according to the right of representation"? It means that the property goes to such persons or class of persons specifically designated in the statute of descent and distribution. Succession to estates is purely a matter of statutory regulation which cannot be changed by courts.

In re Ho-Tah-Moie's Estate (Wagoshe v. Morrell), 200 Okl. 532, 198 P.2d 638, it was held that Wagoshe, as the first cousin of Ho-Tah-Moie, and as next of kin, was the sole heir to inherit, thereby excluding second cousins from the inheritance of the property of the deceased.

We conclude that the descent is cast under Title 84 O.S.1951 § 213, Subd. 6, and that Fred Judd and Norris Judd, first cousins of Etta J. Felgar, deceased, shall take one-half of the property here involved and that Della Rohrbough, the sole surviving heir of J. H. Felgar, deceased, takes the remaining one-half of said property, to the exclusion of the second cousins, plaintiffs in error.

The judgment is affirmed.

JOHNSON, V. C. J., and WELCH, CORN and DAVISON, JJ., concur.

HALLEY, C. J., and WILLIAMS and BLACKBIRD, JJ., dissents.